# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROBERT QUILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A.No. 07-435-SLR** |
| | : | |
| **CATHOLIC DIOCESE OF WILMINGTON,** | : | |
| **INC., a Delaware corporation; ST.** | : | |
| **ELIZABETH'S CATHOLIC CHURCH, a** | : | |
| **Delaware corporation; Rev. FRANCIS G.** | : | |
| **DELUCA, individually and in his official** | : | |
| **capacity; and Rev. MICHAEL A.** | : | |
| **SALTARELLI, in his official capacity,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS
## FOR AN EXTENSION OF TIME TO PLEAD

   **A. Introduction.** Over the last four years, the court dockets in Delaware have revealed

the hallmark defense strategy in priest/pedophile cases such as this - unnecessary and prolonged

delay. Plaintiff respectfully requests that the Court take control of this case at this early stage to

avoid such delay and to ensure "the just, speedy, and inexpensive determination" of this action.

Fed.R.Civ.P. 1.

   Attached at Tab A is the correspondence between the parties on the present motions,

which defendants did not attach to their motions. It reveals that the defense wishes to file a

motion to dismiss challenging the constitutionality as written of the recently enacted Child

Victims Act of 2007. The defense is playing for more time to write its opening brief, to the

obvious prejudice of plaintiff who wishes to go into immediate briefing under the Local Rules, as

is his right. In the meantime defendant DeLuca, who is 77 or 78 years old, may be lost as a fact

witness due to advanced age and delay.  Plaintiff wishes to enter into a quick scheduling order to preserve the evidentiary record but the defense has refused to face the issue of quick discovery. Instead, unless the Court takes control of its docket in this case, it will be delay, delay and delay to the prejudice of plaintiff.

**B. The Standard Defense Tactic of Unnecessary and Prolonged Delay Has Already Been Revealed and Plaintiff Will Be Prejudiced By These Efforts.**  As defense efforts in the sister cases have revealed, initial requests for short, one week extensions of time soon morph into longer requests.  That has already happened in this case where all the defendants were given extensions and also received added time when the Complaint was amended as of right in immaterial respects.  So two extensions already have in effect been granted.  In McClure v. Catholic Diocese of Wilmington, Inc., et al., C.A.No. 06C-12-235-CLS (Del.Super.), eight months have passed and still no Answer has been filed.  But at least the Superior Court allowed discovery to begin.  In Eden v. Oblates of St. Francis DeSales, et al., C.A.No. 04C-01-069-CLS (Del.Super.), it took defendants 3 ½ years to file an Answer after protracted briefing on a motion to dismiss.  The just filed Superior Court case of Whitwell v. Archmere Academy, Inc., C.A.No. 07C-08-066-RBY (Del.Super.), is quickly going down the same path.[1]

Plaintiff seeks to avoid such long, unnecessary delays in this case, to advance it on the Court's docket, and to preserve the testimony of an elderly defendant and other old defense witnesses.

Once discovery actually begins, the same delaying strategy has been front and center.  For

---

[1]  Defendants in this case are represented by the same defense counsel who represent the defendants in these sister cases.  Plaintiff's counsel are the same as well.

example, in the nearly four year old pending Eden case, after seven months of eleventh hour defense motions for protective orders to stay long noticed depositions earlier this year, a key party defendant fleeing the country and numerous lengthy court hearings to address these matters, the Superior Court was finally forced to order depositions to be held under penalty of contempt. Once the first deposition finally occurred last month, the party defendant proceeded to abusively invoke the Fifth Amendment about 198 times, which has required even more court intervention.

If the Court quickly takes control and manages this case, long unnecessary delays can be avoided, the constitutional issue can be briefed forthwith and decided and discovery can simultaneously begin to preserve the record concerning elderly witnesses.

Similarly, over two years of efforts to depose another key party defendant in the Eden case were consistently met with defense roadblocks and protective order motions which abused the discovery process. In the interim, as the Superior Court sought to wade through the quagmire, this witness was lost to mental incompetency and a retired Delaware Supreme Court Justice was appointed to be his guardian *ad litem*. That witness has been forever lost as a result of defendants' delaying efforts. That cannot be allowed to happen with regard to defendant DeLuca and others in the present case.

Given defendant DeLuca's advanced age and well documented troubles with the criminal authorities in the State of New York, plaintiff reasonably fears that this key witness also may be lost to stress and mental incompetency resulting from his advanced years. The same concern holds true for other defense witnesses who were in office in the 1960s when plaintiff was abused at DeLuca's Church in Wilmington. Defendants in the sister cases have consistently claimed that they suffer from a prejudicial delay in defending these cases because of the passage of time, but

whenever a plaintiff seeks to preserve the memories and testimony of key living witnesses, they are met with defense efforts for even more delay. Defendants cannot have it both ways. Simultaneous briefing on any motion to dismiss together with a six month discovery plan will avoid these problems.

**C. The Factual Issues In This Case Are No Surprise.** When forced to file an Answer in these cases in Delaware, the defendants basically deny everything. The defendants have not represented that they need more time because they will actually admit some asserted factual issues. As is normal they can be expected to file denials to the claims asserted.

Defendants also concede that they have had actual notice of the claims in this case since it was filed and served upon both they and their counsel on July 12, 2007. (Diocese Motion at 1; St. Elizabeth's Motion at 2). What they fail to mention is that they also have had specific notice of plaintiff Robert Quill's actual claims since at least March 21, 2007 when he first testified at an open public legislative hearing before the Delaware General Assembly in excruciating and painful detail about the abuse he suffered. Both current defense counsel also testified and listened to his moving testimony. Plaintiff's testimony even was the subject of a front page Local story in the News Journal the next day.[2]

Plaintiff subsequently testified at several other legislative hearings concerning what was then known as SB29 - The Child Victim's Act, presently codified, following unanimous legislative and gubernatorial approval, at 10 Del.C. § 8145. Present defense counsel testified at the same hearings on behalf of their Roman Catholic institutional clients. Plaintiff and his claims

---

[2] See http://64.233.169.104/search?q=cache:eNJ1Qb9smhUJ:www.delawareonline.com %20/apps/pbcs.dll/article%3FAID%3D2007703220355+delawareonline.com+march+22,+2007.

also have been the subject of discussion between counsel for the parties in this case, including an early July conversation with counsel for St. Elizabeth's where he inquired when plaintiff would be filing his lawsuit under the new legislation.  (Tab A at 7).

Plaintiff's factual allegations are no surprise to defendants and they have had more than enough opportunity to prepare a response.

**D.  The Legal Issues In This Case Are No Surprise.**  In the same way, the legal issues in this case are neither surprising nor novel.  The constitutional issues raised in this case have been in the forefront of discussions since SB29 was introduced in the General Assembly on January 25, 2007,[3] and defendants have been on notice since that time.  Defense counsel testified at several public legislative hearings earlier this year concerning the constitutionality of the retroactive civil provisions of SB29.  Similarly, for at least 120 years, the U.S. Supreme Court also has upheld the constitutionality of retroactive civil legislation such as this.  See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 229 (1995); International Union of Electrical, Radio and Machine Workers, AFL-CIO Local 790 v. Robbins, 429 U.S. 229, 243-44 (1976); Chase Securities Corp. v. Donaldson, 325 U.S. 304, 315 (1945); Campbell v. Holt, 115 U.S. 620, 627-28 (1885).  The defense motions are but a poorly disguised effort to gain additional time to work on their motion to dismiss legal briefs, challenging the constitutionality of SB29.

If this was not their intent, in the communications back and forth before the present motion, the defense was repeatedly asked to stipulate that there would be no constitutional briefing raised instead of filing an Answer.  They would not so agree.  And so their present claims either miss the point or ring hollow.

---

[3]  See http://www.legis.state.de.us/lis/lis144.nsf/vwLegislation/SB+29?Opendocument.

5

This case does not raise some extraordinary issue for which defendants are somehow unprepared.   Defendants have had eight long months to write their legal briefs on this issue. If defendants wish to challenge the constitutionality of the statute, that time is now.

**E.  This Case is Ripe for a Discovery Plan.**  The record on DeLuca and other Church witnesses from the 1960s needs to be preserved.  As revealed by plaintiff's recent e-mail to defense counsel attaching a proposed Rule 16 Scheduling Order, this case is ripe for discovery. (Tab A at 14-21).  Discovery should not be complicated and plaintiff proposed a six month discovery period, with a cut-off of February 28, 2008.  (Tab A at 19).  Adoption of such a discovery plan will allow for "the just, speedy, and inexpensive determination" of this action as required by Fed.R.Civ.P. 1.

If the defense wants to brief the constitutionality of the new Act as written that can be done together with simultaneous discovery.

The Court should enter an Order in the form attached.

Plaintiff waives an answering brief in support of this opposion.


Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

6

**ROBERT JACOBS, ESQUIRE (#244)**
**THOMAS C. CRUMPLAR, ESQUIRE (#942)**
**JACOBS & CRUMPLAR, P.A.**
Two East Seventh Street, Suite 400
Wilmington, DE 19801
(302) 656-5445
Bob@JandCLaw.com
Tom@JandCLaw.com

Dated: August 28, 2007          Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROBERT QUILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **C.A.No. 07-435-SLR** |
| | : | |
| **CATHOLIC DIOCESE OF WILMINGTON,** | : | |
| **INC., a Delaware corporation; ST.** | : | |
| **ELIZABETH'S CATHOLIC CHURCH, a** | : | |
| **Delaware corporation;  Rev. FRANCIS G.** | : | |
| **DELUCA, individually and in his official** | : | |
| **capacity; and Rev. MICHAEL A.** | : | |
| **SALTARELLI, in his official capacity,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

Upon consideration of Defendants' Motions for An Extension of Time to Answer or

Otherwise Respond to Plaintiff's First Amended Complaint (D.I. 12, 14), and any opposition

thereto, this _____ day of _____, 2007, it is hereby ORDERED that:

1.  The defendants' motions for extensions of time are denied.

2.  The defendants shall file Answers in three (3) calendar days.

3.  If the defendants wish to file any motion to dismiss to contest the constitutionality of

S.B. 29 they shall file their opening brief at the time of the filing of their Answer, and briefing

shall proceed in accord with the Local Rules.

4.  Discovery shall begin immediately and the parties shall submit a six month discovery

plan to the Court in three (3) calendar days.

_____
**U.S.D.J.**

# Tab A

## Stephen J. Neuberger

**From:**      Reardon, Mark [mreardon@elzufon.com]

**Sent:**      Friday, August 24, 2007 11:50 AM

**To:**        Thomas S. Neuberger; Stephen J. Neuberger

**Cc:**        Tom Crumplar; Robert Jacobs

**Subject:** Quill

Tom and Steve,

   I write as the recently retained counsel for defendant St. Elizabeth's.  By my calculation, St. Elizabeth's answer is due next Tuesday. I am writing to request an extension to September 28, 2007. Apart from my recent retention, the basis for the extension is my near total preoccupation with an accounting malpractice trial looming in the Superior Court (Judge Scott).  Trial is scheduled to conclude on September 21.

   I have met with Fr. Dillingham at St. Elizabeth's to begin the fact finding process, but I regret that I will not be in a position to respond to the complaint within the 20 day allocation. Therefore, your consent to this extension would be very much appreciated.

   Thank you for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

## Stephen J. Neuberger

**From:**    Stephen J. Neuberger
**Sent:**    Friday, August 24, 2007 4:23 PM
**To:**      'Reardon, Mark'; Thomas S. Neuberger
**Cc:**      Tom Crumplar; Robert Jacobs
**Subject:** RE: Quill

Mark,

Following up on your e-mail.

This case was originally filed on July 12th and your client was served the same day.

We previously agreed to a stipulation, extending the time for your client to respond to the initial complaint until August 8th. (D.I. 10).

On Monday, August 6th, I spoke to Tony Flynn by telephone who indicated that you had been retained to represent St. Elizabeth's and would be taking over that representation from him.

Another extension was then requested by defendants.

To address defense concerns for more time, plaintiff volunteered to file a First Amended Complaint to make several minor editorial changes and add one additional count. No substantive changes were made. The filing of this First Amended Complaint would give defendants the additional time to respond that they had requested. This First Amended Complaint was filed on Wednesday, August 8th. Service was on performed electronically on Tony via CM/ECF, although I also e-mailed you a courtesy copy of the complaint.

You also represent several Roman Catholic institutional defendants in a number of these priest/pedophile cases that my office has filed in state court. Each and every one of those cases has been plagued by extensive delays in defendants filing Answers or responsive pleadings.

For example, in McClure, after approximately 6 months of requests for extensions that were granted, my office had to petition the Superior Court for additional time to perfect service in case that defendant intended to challenge service after the plethora of extensions that were granted. Defendants then filed a short 5 page motion to dismiss, which could have easily been filed 6 months prior. That motion was subsequently withdrawn. It has been 8 long months since that was was filed but still no Answer. Then, we are all familiar with the tortured history of the Eden case - with 3 1/2 years before an Answer was filed. As the e-mail traffic between our offices from earlier this week reveals, it appears the Whitwell state court is going down the same path.

I wish to avoid this long pattern of delay. Thus, I am very concerned with your request. We are in federal court where cases move expeditiously and without delay. The system works differently here than it does in state court.

In light of this prior history, the fact that your client has had actual notice of and was served with this lawsuit on July 12th, more than six weeks ago, and that extensions have already been granted, I need additional information in considering your request.

Does your client intend to join the issues and file an Answer if Sept. 28th extension is given? Or does your client intend to file a motion to dismiss and attack the constitutionality of SB29, the Child Victim's Act? If so, then this appears to be yet another unnecessary delay.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Friday, August 24, 2007 11:50 AM
**To:** Thomas S. Neuberger; Stephen J. Neuberger

8/27/2007

**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** Quill

Tom and Steve,

   I write as the recently retained counsel for defendant St. Elizabeth's.  By my calculation, St. Elizabeth's answer is due next Tuesday. I am writing to request an extension to September 28, 2007. Apart from my recent retention, the basis for the extension is my near total preoccupation with an accounting malpractice trial looming in the Superior Court (Judge Scott).  Trial is scheduled to conclude on September 21.

   I have met with Fr. Dillingham at St. Elizabeth's to begin the fact finding process, but I regret that I will not be in a position to respond to the complaint within the 20 day allocation. Therefore, your consent to this extension would be very much appreciated.

   Thank you for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

## Stephen J. Neuberger

| | |
|---|---|
| **From:** | Reardon, Mark [mreardon@elzufon.com] |
| **Sent:** | Monday, August 27, 2007 10:53 AM |
| **To:** | Stephen J. Neuberger; Thomas S. Neuberger |
| **Cc:** | Tom Crumplar; Robert Jacobs |
| **Subject:** | RE: Quill |

Steve,

I left a message at your office, but understand you may be out for at least the morning.

I am hopeful that we might speak today about my requested extension. I want to convey that my request is absolutely **not** tied to any plan to delay. Rather, my request is solely based on the facts that I was retained by St. Elizabeth's in early-August and since then have initiated only preliminary interviews, document searches and insurance evaluations.  Apart from that, my staff and I have been occupied full-time on finalizing our preparation for a looming trial in the Superior Court. That trial is scheduled to conclude on September 21, thus my requested extension for the time to answer the complaint in Quill is Sept 28.

With respect to your specific questions about St. Elizabeth's intended response to the complaint, I can tell you that our focus is on a plan to draft an answer to the complaint. Beyond that, I have not had sufficient dialogue with our client to consider any alternate strategies.

I look forward to hearing from you in hopes that a scheduling stipulation can be reached in lieu of a motion for an extension.

Thanks for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

> -----Original Message-----
> **From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
> **Sent:** Friday, August 24, 2007 4:23 PM
> **To:** Reardon, Mark; Thomas S. Neuberger
> **Cc:** Tom Crumplar; Robert Jacobs
> **Subject:** RE: Quill
>
> Mark,
>
> Following up on your e-mail.
>
> This case was originally filed on July 12th and your client was served the same day.
>
> We previously agreed to a stipulation, extending the time for your client to respond to the initial complaint until August 8th.  (D.I. 10).

On Monday, August 6th, I spoke to Tony Flynn by telephone who indicated that you had been retained to represent St. Elizabeth's and would be taking over that representation from him.

Another extension was then requested by defendants.

To address defense concerns for more time, plaintiff volunteered to file a First Amended Complaint to make several minor editorial changes and add one additional count. No substantive changes were made. The filing of this First Amended Complaint would give defendants the additional time to respond that they had requested. This First Amended Complaint was filed on Wednesday, August 8th. Service was on performed electronically on Tony via CM/ECF, although I also e-mailed you a courtesy copy of the complaint.

You also represent several Roman Catholic institutional defendants in a number of these priest/pedophile cases that my office has filed in state court. Each and every one of those cases has been plagued by extensive delays in defendants filing Answers or responsive pleadings.

For example, in McClure, after approximately 6 months of requests for extensions that were granted, my office had to petition the Superior Court for additional time to perfect service in case that defendant intended to challenge service after the plethora of extensions that were granted. Defendants then filed a short 5 page motion to dismiss, which could have easily been filed 6 months prior. That motion was subsequently withdrawn. It has been 8 long months since that was was filed but still no Answer. Then, we are all familiar with the tortured history of the Eden case - with 3 1/2 years before an Answer was filed. As the e-mail traffic between our offices from earlier this week reveals, it appears the Whitwell state court is going down the same path.

I wish to avoid this long pattern of delay. Thus, I am very concerned with your request. We are in federal court where cases move expeditiously and without delay. The system works differently here than it does in state court.

In light of this prior history, the fact that your client has had actual notice of and was served with this lawsuit on July 12th, more than six weeks ago, and that extensions have already been granted, I need additional information in considering your request.

Does your client intend to join the issues and file an Answer if Sept. 28th extension is given? Or does your client intend to file a motion to dismiss and attack the constitutionality of SB29, the Child Victim's Act? If so, then this appears to be yet another unnecessary delay.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Friday, August 24, 2007 11:50 AM
**To:** Thomas S. Neuberger; Stephen J. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** Quill

Tom and Steve,

   I write as the recently retained counsel for defendant St. Elizabeth's. By my calculation, St. Elizabeth's answer is due next Tuesday. I am writing to request an extension to September 28, 2007. Apart from my recent retention, the basis for the extension is my near total preoccupation with an accounting malpractice trial looming in the Superior Court (Judge Scott). Trial is scheduled to conclude on September 21.

   I have met with Fr. Dillingham at St. Elizabeth's to begin the fact finding process, but I regret that I will not be in a position to respond to the complaint within the 20 day allocation. Therefore, your consent to this extension would be very much appreciated.

   Thank you for your consideration.

8/27/2007

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

## Stephen J. Neuberger

**From:**   Stephen J. Neuberger
**Sent:**   Monday, August 27, 2007 1:04 PM
**To:**   'Reardon, Mark'
**Cc:**   Tom Crumplar; Robert Jacobs; Thomas S. Neuberger
**Subject:** RE: Quill

Mark,

Based on your e-mail response, it appears this case is heading down the same long path of delay that has plagued all of its predecessors. I do not want to have yet another 6 month - 3 1/2 year delay before an Answer is filed by your client. We have danced this same dance in McClure, Eden and are currently dancing it again in state court with Whitwell. We should not have to do this yet again in federal court in Quill.

You avoided my question about whether your client intends to file an Answer or challenge the constitutionality of SB29.

The constitutional issue has come as no surprise to anyone and instead has been front and center since February 2007. You lobbied against the bill, both in your personal and representative capacities on behalf of your Catholic institutional clients and I was told by those in attendance that you addressed constitutional issues during one of several occasions when you gave legislative testimony about SB29. If you intend to challenge the constitutionality, the time is now. This legal issue is no surprise.

This case also is no factual surprise. Plaintiff Quill was front and center on these issues since the hearings in the Senate. He testified before the General Assembly as many times as you did and you have even told me how powerful and moving his testimony was to listen to. During an early July telephone call to me inquiring about when additional lawsuits would be filed against Salesianum and the Oblates of St. Francis DeSales, you even joked about the fact that my client Robert Quill must be happy the bill passed because now he can bring a lawsuit.

Accordingly, because an extension of time has already been granted and in light of the long unfortunate history of delay that all of these cases have experienced, plaintiff must deny St. Elizabeth's request for another extension of time to file an Answer or responsive pleading.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Monday, August 27, 2007 10:53 AM
**To:** Stephen J. Neuberger; Thomas S. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** RE: Quill

Steve,

I left a message at your office, but understand you may be out for at least the morning.

I am hopeful that we might speak today about my requested extension. I want to convey that my request is absolutely **not** tied to any plan to delay. Rather, my request is solely based on the facts that I was retained by St. Elizabeth's in early-August and since then have initiated only preliminary interviews, document searches and insurance evaluations. Apart from that, my staff and I have been occupied full-time on finalizing our preparation for a looming trial in the Superior Court. That trial is scheduled to conclude on September 21, thus my requested extension for the time to answer the complaint in Quill is Sept 28.

With respect to your specific questions about St. Elizabeth's intended response to the complaint, I can tell you that our focus is on a plan to draft an answer to the complaint. Beyond that, I have not had sufficient dialogue with our

8/27/2007

client to consider any alternate strategies.

I look forward to hearing from you in hopes that a scheduling stipulation can be reached in lieu of a motion for an extension.

Thanks for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

 -----Original Message-----
 **From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
 **Sent:** Friday, August 24, 2007 4:23 PM
 **To:** Reardon, Mark; Thomas S. Neuberger
 **Cc:** Tom Crumplar; Robert Jacobs
 **Subject:** RE: Quill

 Mark,

 Following up on your e-mail.

 This case was originally filed on July 12th and your client was served the same day.

 We previously agreed to a stipulation, extending the time for your client to respond to the initial complaint until August 8th.  (D.I. 10).

 On Monday, August 6th, I spoke to Tony Flynn by telephone who indicated that you had been retained to represent St. Elizabeth's and would be taking over that representation from him.

 Another extension was then requested by defendants.

 To address defense concerns for more time, plaintiff volunteered to file a First Amended Complaint to make several minor editorial changes and add one additional count.  No substantive changes were made. The filing of this First Amended Complaint would give defendants the additional time to respond that they had requested.   This First Amended Complaint was filed on Wednesday, August 8th.  Service was on performed electronically on Tony via CM/ECF, although I also e-mailed you a courtesy copy of the complaint.

 You also represent several Roman Catholic institutional defendants in a number of these priest/pedophile cases that my office has filed in state court.  Each and every one of those cases has been plagued by extensive delays in defendants filing Answers or responsive pleadings.

 For example, in McClure, after approximately 6 months of requests for extensions that were granted, my office had to petition the Superior Court for additional time to perfect service in case that defendant intended to challenge service after the plethora of extensions that were granted.  Defendants then filed a short 5 page motion to dismiss, which could have easily been filed 6 months prior.  That motion was subsequently withdrawn.  It has been 8 long months since that was was filed but still no Answer.  Then, we are all familiar with the tortured history of the Eden case - with 3 1/2 years before an Answer was filed.  As the e-mail traffic between our offices from earlier this week reveals, it appears the Whitwell state court is going down the same path.

 I wish to avoid this long pattern of delay.  Thus, I am very concerned with your request.  We are in federal

court where cases move expeditiously and without delay. The system works differently here than it does in state court.

In light of this prior history, the fact that your client has had actual notice of and was served with this lawsuit on July 12th, more than six weeks ago, and that extensions have already been granted, I need additional information in considering your request.

Does your client intend to join the issues and file an Answer if Sept. 28th extension is given? Or does your client intend to file a motion to dismiss and attack the constitutionality of SB29, the Child Victim's Act? If so, then this appears to be yet another unnecessary delay.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Friday, August 24, 2007 11:50 AM
**To:** Thomas S. Neuberger; Stephen J. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** Quill

Tom and Steve,

   I write as the recently retained counsel for defendant St. Elizabeth's. By my calculation, St. Elizabeth's answer is due next Tuesday. I am writing to request an extension to September 28, 2007. Apart from my recent retention, the basis for the extension is my near total preoccupation with an accounting malpractice trial looming in the Superior Court (Judge Scott). Trial is scheduled to conclude on September 21.

   I have met with Fr. Dillingham at St. Elizabeth's to begin the fact finding process, but I regret that I will not be in a position to respond to the complaint within the 20 day allocation. Therefore, your consent to this extension would be very much appreciated.

   Thank you for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

## Stephen J. Neuberger

**From:**    Reardon, Mark [mreardon@elzufon.com]
**Sent:**    Monday, August 27, 2007 1:16 PM
**To:**      Stephen J. Neuberger
**Cc:**      Tom Crumplar; Robert Jacobs; Thomas S. Neuberger
**Subject:** RE: Quill

Steve,

Got your response. We'll file a motion noting your objection.

Again, the only basis for my requested extension is my personal trial and discovery calendar that has me substantially detained for the next 3-4 weeks. I was retained by St. Elizabeth's less 3 weeks ago, and for 2 of those weeks either Fr. Dillingham or myself were away. I hope you understood that my request was not tactical, only personal and practical.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

-----Original Message-----
**From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
**Sent:** Monday, August 27, 2007 1:04 PM
**To:** Reardon, Mark
**Cc:** Tom Crumplar; Robert Jacobs; Thomas S. Neuberger
**Subject:** RE: Quill

Mark,

Based on your e-mail response, it appears this case is heading down the same long path of delay that has plagued all of its predecessors. I do not want to have yet another 6 month - 3 1/2 year delay before an Answer is filed by your client. We have danced this same dance in McClure, Eden and are currently dancing it again in state court with Whitwell. We should not have to do this yet again in federal court in Quill.

You avoided my question about whether your client intends to file an Answer or challenge the constitutionality of SB29.

The constitutional issue has come as no surprise to anyone and instead has been front and center since February 2007. You lobbied against the bill, both in your personal and representative capacities on behalf of your Catholic institutional clients and I was told by those in attendance that you addressed constitutional issues during one of several occasions when you gave legislative testimony about SB29. If you intend to challenge the constitutionality, the time is now. This legal issue is no surprise.

This case also is no factual surprise. Plaintiff Quill was front and center on these issues since the hearings in the Senate. He testified before the General Assembly as many times as you did and you have even told me how powerful and moving his testimony was to listen to. During an early July telephone call to me

inquiring about when additional lawsuits would be filed against Salesianum and the Oblates of St. Francis DeSales, you even joked about the fact that my client Robert Quill must be happy the bill passed because now he can bring a lawsuit.

Accordingly, because an extension of time has already been granted and in light of the long unfortunate history of delay that all of these cases have experienced, plaintiff must deny St. Elizabeth's request for another extension of time to file an Answer or responsive pleading.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Monday, August 27, 2007 10:53 AM
**To:** Stephen J. Neuberger; Thomas S. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** RE: Quill

Steve,

I left a message at your office, but understand you may be out for at least the morning.

I am hopeful that we might speak today about my requested extension. I want to convey that my request is absolutely **not** tied to any plan to delay. Rather, my request is solely based on the facts that I was retained by St. Elizabeth's in early-August and since then have initiated only preliminary interviews, document searches and insurance evaluations. Apart from that, my staff and I have been occupied full-time on finalizing our preparation for a looming trial in the Superior Court. That trial is scheduled to conclude on September 21, thus my requested extension for the time to answer the complaint in Quill is Sept 28.

With respect to your specific questions about St. Elizabeth's intended response to the complaint, I can tell you that our focus is on a plan to draft an answer to the complaint. Beyond that, I have not had sufficient dialogue with our client to consider any alternate strategies.

I look forward to hearing from you in hopes that a scheduling stipulation can be reached in lieu of a motion for an extension.

Thanks for your consideration.

Mark

Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

    -----Original Message-----
    **From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
    **Sent:** Friday, August 24, 2007 4:23 PM
    **To:** Reardon, Mark; Thomas S. Neuberger
    **Cc:** Tom Crumplar; Robert Jacobs
    **Subject:** RE: Quill

    Mark,

    Following up on your e-mail.

8/27/2007

This case was originally filed on July 12th and your client was served the same day.

We previously agreed to a stipulation, extending the time for your client to respond to the initial complaint until August 8th. (D.I. 10).

On Monday, August 6th, I spoke to Tony Flynn by telephone who indicated that you had been retained to represent St. Elizabeth's and would be taking over that representation from him.

Another extension was then requested by defendants.

To address defense concerns for more time, plaintiff volunteered to file a First Amended Complaint to make several minor editorial changes and add one additional count. No substantive changes were made. The filing of this First Amended Complaint would give defendants the additional time to respond that they had requested. This First Amended Complaint was filed on Wednesday, August 8th. Service was on performed electronically on Tony via CM/ECF, although I also e-mailed you a courtesy copy of the complaint.

You also represent several Roman Catholic institutional defendants in a number of these priest/pedophile cases that my office has filed in state court. Each and every one of those cases has been plagued by extensive delays in defendants filing Answers or responsive pleadings.

For example, in McClure, after approximately 6 months of requests for extensions that were granted, my office had to petition the Superior Court for additional time to perfect service in case that defendant intended to challenge service after the plethora of extensions that were granted. Defendants then filed a short 5 page motion to dismiss, which could have easily been filed 6 months prior. That motion was subsequently withdrawn. It has been 8 long months since that was was filed but still no Answer. Then, we are all familiar with the tortured history of the Eden case - with 3 1/2 years before an Answer was filed. As the e-mail traffic between our offices from earlier this week reveals, it appears the Whitwell state court is going down the same path.

I wish to avoid this long pattern of delay. Thus, I am very concerned with your request. We are in federal court where cases move expeditiously and without delay. The system works differently here than it does in state court.

In light of this prior history, the fact that your client has had actual notice of and was served with this lawsuit on July 12th, more than six weeks ago, and that extensions have already been granted, I need additional information in considering your request.

Does your client intend to join the issues and file an Answer if Sept. 28th extension is given? Or does your client intend to file a motion to dismiss and attack the constitutionality of SB29, the Child Victim's Act? If so, then this appears to be yet another unnecessary delay.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Friday, August 24, 2007 11:50 AM
**To:** Thomas S. Neuberger; Stephen J. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** Quill

Tom and Steve,

I write as the recently retained counsel for defendant St. Elizabeth's. By my calculation, St. Elizabeth's answer is due next Tuesday. I am writing to request an extension to September 28, 2007. Apart from my recent retention, the basis for the extension is my near total preoccupation with an accounting malpractice trial looming in the Superior Court (Judge Scott). Trial is scheduled to conclude on September 21.

I have met with Fr. Dillingham at St. Elizabeth's to begin the fact finding process, but I regret that I

will not be in a position to respond to the complaint within the 20 day allocation. Therefore, your consent to this extension would be very much appreciated.

    Thank you for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

**Stephen J. Neuberger**

| | |
|---|---|
| **From:** | Stephen J. Neuberger |
| **Sent:** | Monday, August 27, 2007 1:26 PM |
| **To:** | 'Reardon, Mark' |
| **Cc:** | Tom Crumplar; Robert Jacobs; Thomas S. Neuberger; Flynn, Anthony |
| **Subject:** | RE: Quill |
| **Attachments:** | Proposed Rule 16 Scheduling Order.draft 3.pdf |

Mark,

If we can reach agreement, plaintiff proposes the attached draft Rule 16 scheduling order. It contains a discovery cut-off date of February 28, 2008, and would enable this case to flow and move along smoothly on the federal docket without delay.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Monday, August 27, 2007 1:16 PM
**To:** Stephen J. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs; Thomas S. Neuberger
**Subject:** RE: Quill

Steve,

Got your response. We'll file a motion noting your objection.

Again, the only basis for my requested extension is my personal trial and discovery calendar that has me substantially detained for the next 3-4 weeks. I was retained by St. Elizabeth's less 3 weeks ago, and for 2 of those weeks either Fr. Dillingham or myself were away. I hope you understood that my request was not tactical, only personal and practical.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

  -----Original Message-----
  **From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
  **Sent:** Monday, August 27, 2007 1:04 PM
  **To:** Reardon, Mark
  **Cc:** Tom Crumplar; Robert Jacobs; Thomas S. Neuberger
  **Subject:** RE: Quill

  Mark,

  Based on your e-mail response, it appears this case is heading down the same long path of delay that has
  plagued all of its predecessors. I do not want to have yet another 6 month - 3 1/2 year delay before an

Answer is filed by your client. We have danced this same dance in McClure, Eden and are currently dancing it again in state court with Whitwell. We should not have to do this yet again in federal court in Quill.

You avoided my question about whether your client intends to file an Answer or challenge the constitutionality of SB29.

The constitutional issue has come as no surprise to anyone and instead has been front and center since February 2007. You lobbied against the bill, both in your personal and representative capacities on behalf of your Catholic institutional clients and I was told by those in attendance that you addressed constitutional issues during one of several occasions when you gave legislative testimony about SB29. If you intend to challenge the constitutionality, the time is now. This legal issue is no surprise.

This case also is no factual surprise. Plaintiff Quill was front and center on these issues since the hearings in the Senate. He testified before the General Assembly as many times as you did and you have even told me how powerful and moving his testimony was to listen to. During an early July telephone call to me inquiring about when additional lawsuits would be filed against Salesianum and the Oblates of St. Francis DeSales, you even joked about the fact that my client Robert Quill must be happy the bill passed because now he can bring a lawsuit.

Accordingly, because an extension of time has already been granted and in light of the long unfortunate history of delay that all of these cases have experienced, plaintiff must deny St. Elizabeth's request for another extension of time to file an Answer or responsive pleading.

-Steve

---

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Monday, August 27, 2007 10:53 AM
**To:** Stephen J. Neuberger; Thomas S. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** RE: Quill

Steve,

I left a message at your office, but understand you may be out for at least the morning.

I am hopeful that we might speak today about my requested extension. I want to convey that my request is absolutely **not** tied to any plan to delay. Rather, my request is solely based on the facts that I was retained by St. Elizabeth's in early-August and since then have initiated only preliminary interviews, document searches and insurance evaluations. Apart from that, my staff and I have been occupied full-time on finalizing our preparation for a looming trial in the Superior Court. That trial is scheduled to conclude on September 21, thus my requested extension for the time to answer the complaint in Quill is Sept 28.

With respect to your specific questions about St. Elizabeth's intended response to the complaint, I can tell you that our focus is on a plan to draft an answer to the complaint. Beyond that, I have not had sufficient dialogue with our client to consider any alternate strategies.

I look forward to hearing from you in hopes that a scheduling stipulation can be reached in lieu of a motion for an extension.

Thanks for your consideration.

Mark

Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700

8/27/2007

P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

-----Original Message-----
**From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
**Sent:** Friday, August 24, 2007 4:23 PM
**To:** Reardon, Mark; Thomas S. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** RE: Quill

Mark,

Following up on your e-mail.

This case was originally filed on July 12th and your client was served the same day.

We previously agreed to a stipulation, extending the time for your client to respond to the initial complaint until August 8th. (D.I. 10).

On Monday, August 6th, I spoke to Tony Flynn by telephone who indicated that you had been retained to represent St. Elizabeth's and would be taking over that representation from him.

Another extension was then requested by defendants.

To address defense concerns for more time, plaintiff volunteered to file a First Amended Complaint to make several minor editorial changes and add one additional count. No substantive changes were made. The filing of this First Amended Complaint would give defendants the additional time to respond that they had requested. This First Amended Complaint was filed on Wednesday, August 8th. Service was on performed electronically on Tony via CM/ECF, although I also e-mailed you a courtesy copy of the complaint.

You also represent several Roman Catholic institutional defendants in a number of these priest/pedophile cases that my office has filed in state court. Each and every one of those cases has been plagued by extensive delays in defendants filing Answers or responsive pleadings.

For example, in McClure, after approximately 6 months of requests for extensions that were granted, my office had to petition the Superior Court for additional time to perfect service in case that defendant intended to challenge service after the plethora of extensions that were granted. Defendants then filed a short 5 page motion to dismiss, which could have easily been filed 6 months prior. That motion was subsequently withdrawn. It has been 8 long months since that was was filed but still no Answer. Then, we are all familiar with the tortured history of the Eden case - with 3 1/2 years before an Answer was filed. As the e-mail traffic between our offices from earlier this week reveals, it appears the Whitwell state court is going down the same path.

I wish to avoid this long pattern of delay. Thus, I am very concerned with your request. We are in federal court where cases move expeditiously and without delay. The system works differently here than it does in state court.

In light of this prior history, the fact that your client has had actual notice of and was served with this lawsuit on July 12th, more than six weeks ago, and that extensions have already been granted, I need additional information in considering your request.

Does your client intend to join the issues and file an Answer if Sept. 28th extension is given? Or does your client intend to file a motion to dismiss and attack the constitutionality of SB29, the Child Victim's Act? If so, then this appears to be yet another unnecessary delay.

-Steve

8/27/2007

**From:** Reardon, Mark [mailto:mreardon@elzufon.com]
**Sent:** Friday, August 24, 2007 11:50 AM
**To:** Thomas S. Neuberger; Stephen J. Neuberger
**Cc:** Tom Crumplar; Robert Jacobs
**Subject:** Quill

Tom and Steve,

   I write as the recently retained counsel for defendant St. Elizabeth's.  By my calculation, St. Elizabeth's answer is due next Tuesday. I am writing to request an extension to September 28, 2007. Apart from my recent retention, the basis for the extension is my near total preoccupation with an accounting malpractice trial looming in the Superior Court (Judge Scott).  Trial is scheduled to conclude on September 21.

   I have met with Fr. Dillingham at St. Elizabeth's to begin the fact finding process, but I regret that I will not be in a position to respond to the complaint within the 20 day allocation. Therefore, your consent to this extension would be very much appreciated.

   Thank you for your consideration.

Mark


Mark L. Reardon
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
Tele:302.428.3181
Fax:302.428.3180

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ROBERT QUILL,               :
                        :
   Plaintiff,           :
                        :
   v.                  :     C.A.No. 07-435-SLR
                        :
CATHOLIC DIOCESE OF WILMINGTON,  :
INC., a Delaware corporation; ST.     :
ELIZABETH'S CATHOLIC CHURCH, a   :
Delaware corporation;  Rev. FRANCIS G. :
DELUCA, individually and in his official :
capacity; and Rev. MICHAEL A.    :    Jury Trial Demanded
SALTARELLI, in his official capacity,  :
                        :
   Defendants.        :

**PROPOSED RULE 16 SCHEDULING ORDER**

At Wilmington this ____ day of 2007, the parties having satisfied their obligations under

Fed.R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to

Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 7, 2007 the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

(a) Discovery will be needed on the following subjects:

Plaintiff's Statement:

1. Internal operations and policies.

2. Procedures for retaining records and information.

18

3.  Procedures for handling alleged misconduct by Priests.

4.  All internal processes and prerequisites for ordaining, training, supervising and retaining priests.

5.  All internal processes and prerequisites for hiring, training, supervising, and retaining teachers.

5.  Internal Organizational Structures and Hierarchies.

6.  Personnel and Medical Files of Francis G. DeLuca.

7.  Notice or Knowledge of Francis G. DeLuca's misconduct.

8.  Breach of Duties to Plaintiff.

9.  Records, actions, or decisions of the Defendants concerning priest misconduct.

10.  Contractual or quasi-contractual duties between defendants and plaintiffs' parents.

11.  Insurance Policies and Coverage.

12.  Elements of compensatory damages.

13.  Elements of punitive damages.

Defendant's Statement:

(b) All discovery shall be commenced in time to be completed by February 28, 2008.

(c) Maximum of   50   interrogatories by each party to any other party.

2

19

(d) Maximum of __50__ requests for admission by each party to any other party.

(e) Maximum of __15__ depositions by plaintiff and __15__ depositions by defendant.

(f) With the exception of the parties, each deposition will be limited to a maximum of __7__ hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by January 11, 2008.   Rebuttal expert reports due by February 8, 2008.

(h) **Discovery Disputes**. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before December 1, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before March 31, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion**. Any application to the court shall be by written motion filed

3

with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D.Del. LR 7.1.1.**

7. **Motions in Limine**. All motions in limine shall be filed on or before **[two weeks before pretrial conference]**. All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

8. **Pretrial Conference**. A pretrial conference will be held on _____ at _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial**. This matter is scheduled for a 10 day jury trial commencing on in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

Quill, Robert / Docket / Court Orders & Rulings / Proposed Rule 16 Scheduling Order. draft 3.wpd

4

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

August 28, 2007, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following:

> Anthony G. Flynn, Esq.
> Young Conaway Stargatt & Taylor, LLP
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391
>
> Mark L. Reardon, Esq.
> Ezlufon Austin Reardon Tarlov & Mondell, P.A.
> 300 Delaware Avenue, Suite 1700
> P.O. Box 1630
> Wilmington, DE 19899-1630

I also certify that I served this **Pleading** by U.S. Mail and e-mail on the following

individual:

> Stephen P. Casarino, Esquire
> Casarino Christman & Shalk, P.A.
> 800 North King Street, Suite 200
> P.O. Box 1276
> Wilmington, DE 19899
> scasarino@casarino.com

> /s/ Stephen J. Neuberger
> **STEPHEN J. NEUBERGER, ESQ.**

Quill / Pleadings / Resp in Opp to Motion for Time Ext.final