## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**ROBERT QUILL,**

     **Plaintiff,**

    **v.**

**CATHOLIC DIOCESE OF**
**WILMINGTON, INC., a Delaware**
**corporation; ST. ELIZABETH'S**
**CATHOLIC CHURCH, a Delaware**
**corporation; Rev. FRANCIS G.**
**DELUCA, individually and in his**
**official capacity; and Rev. MICHAEL**
**A. SALTARELLI, in his official**
**capacity,**

     **Defendants**

C.A. No. 07-435-SLR

Jury Trial Demanded

## ANSWER OF DEFENDANTS
## CATHOLIC DIOCESE OF WILMINGTON, INC.
## AND BISHOP MICHAEL A. SALTARELLI

    1.    This paragraph of the First Amended Complaint includes plaintiff's description of the nature of his legal claims, which requires no response from Defendants Catholic Diocese of Wilmington, Inc. (the "Diocese") and Rev. Michael A. Saltarelli ("Bishop Saltarelli") (collectively, "Answering Defendants"). Regarding the factual averments in this paragraph, Answering Defendants admit that Rev. Francis G. DeLuca ("Fr. DeLuca"), was a priest of the Diocese from 1958 until 1993. On information and belief, Answering Defendants also admit that Fr. DeLuca was convicted in 2007 of sexual abuse and endangering the welfare of a child, crimes which he committed during and after 2002. To the extent that the averments in the last sentence of this paragraph are directed to Answering Defendants, they are denied. Answering Defendants are without

knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

## I.    JURISDICTION

2.    Answering Defendants admit that plaintiff purports to invoke diversity jurisdiction pursuant to 28 U.S.C. § § 1332, 2201 and 2202.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

3.    Answering Defendants admit that plaintiff contends that venue is appropriate in this judicial district.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

## II.    THE PARTIES

4.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

5.    Denied that the registered corporate address for Defendant Diocese is 1626 N. Union St., but admitted that its corporate address is 1925 Delaware Avenue, Wilmington, Delaware 19806.  Otherwise, the averments of this paragraph 6 are admitted.

6.    Admitted that St. Elizabeth's Roman Catholic Church ("St. Elizabeth's) is

2

a religious corporation organized and existing under Tile 27 of the Delaware Code, and that it is located in Wilmington, Delaware, that it was founded by the Bishop of Wilmington, and that it operates as a parish within the Diocese in accordance with the norms of the Roman Catholic Church. Admitted further that St. Elizabeth's is authorized to do business and is doing business in the State of Delaware as a private religious institution, operating both a church and an elementary and high school. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

7.      Admitted that Fr. DeLuca is a Roman Catholic Priest who was a parish priest in the Diocese from 1958 until 1993. On information and belief it is further admitted that Fr. DeLuca is 78 years old and formerly resided at 100 Pastime Drive, Syracuse, New York. On information and belief, it is further admitted that in 2007 Fr. DeLuca was convicted of sexual abuse and endangering the welfare of a child, crimes which he committed during and after 2004. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

8.      Admitted that Fr. DeLuca was an assistant pastor of St. Elizabeth's from 1966 until 1969. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

9.      Admitted that Defendant Rev. Michael A. Saltarelli is the current Bishop

of the Diocese of Wilmington, and that he is a citizen of Delaware. The remaining

allegations of paragraph 9 are legal conclusions to which no response is required.

10.     Admitted that the Diocese granted faculties to Fr. DeLuca to publicly

perform priestly office in the Diocese of Wilmington. Admitted further that Fr. DeLuca

could not publicly perform priestly office within the Diocese of Wilmington without the

permission of the Diocese, and, of course, without having been ordained a Roman

Catholic Priest. Otherwise, the averments of paragraph 10 are denied.

11.     Admitted that the Diocese was and is responsible for overseeing its

parishes, including St. John the Beloved, St. Elizabeth's, Holy Spirit and St. Matthew's,

in accordance with the norms of the Roman Catholic Church, including the assignment of

priests to those parishes. Otherwise, the averments of paragraph 11 are denied.

12.     On information and belief, admitted that the Diocese was notified by the

family of Michael Schulte that he had been abused by Fr. DeLuca while assigned to St.

John the Beloved Parish, before he was assigned to St. Elizabeth's. Otherwise,

Answering Defendants are without knowledge or information sufficient to form a belief

as to the truth of the balance of the averments of this paragraph, and, to avoid implied

admission, the same are denied.

13.     Denied as to Answering Defendants. Answering Defendants are without

knowledge or information sufficient to form a belief as to the balance of the averments of

this paragraph, and to avoid implied admission they are denied.

DB02:6195593.1                                                                                              099999.1636

14.     Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

### III.     FACTS GIVING RISE TO THE ACTION

**A.     Institutional Knowledge of Clergy Sexual Abuse Leading to**
**The Underlying Gross Negligence**

15.     Admitted that Monsignor J. Thomas Cini is Vicar General for Administration of the Diocese, and that he testified under oath in July, 2007, that rules and regulations of the Roman Catholic Church in the 1800s contained a provision designed to prevent child sexual abuse from happening.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

16.     Admitted.

17.     Admitted that Canon 1395 was enacted with the recodification of the Code of Canon Law in 1983.  The text of Canon 1395 speaks for itself.

18.     Denied as stated as to Answering Defendants.  Otherwise, Answering Defendants are without knowledge or information sufficient to form a belief as to the averments of this paragraph, and to avoid implied admission the same are denied.

19.     Answering Defendants are without knowledge or information sufficient to form a belief as to averments of this paragraph.

5

20.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph, and to avoid implied admission the same are denied.

21.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph, and to avoid implied admission the same are denied.

22.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph, and to avoid implied admission the same are denied.

23.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph, and to avoid implied admission the same are denied.

24.     Admitted that the Roman Catholic Church has made attempts to curb sexual abuse of children, including by promulgating canonical norms and other policies, including those adopted by the National Conference of Catholic Bishops, later the United States Conference of Catholic Bishops.  Otherwise, Answering Defendants are without knowledge or in formation sufficient to form a belief as to the averments of this paragraph.

25.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

6

099999.1636

**B.    Institutional Secrecy Regarding Clergy Sexual Abuse Leading to the
Underlying Gross Negligence**

26.    Denied as to Answering Defendants.  Answering Defendants are without
knowledge or information sufficient to form a belief as to the balance of the averments of
this paragraph, and to avoid implied admission they are denied.

27.    Denied as to Answering Defendants.  Answering Defendants are without
knowledge or information sufficient to form a belief as to the balance of the averments of
this paragraph, and to avoid implied admission they are denied.

28.    Denied as to Answering Defendants.  Answering Defendants are without
knowledge or information sufficient to form a belief as to the balance of the averments of
this paragraph, and to avoid implied admission they are denied.

29.    Answering Defendants lack knowledge or information sufficient to form a
belief as to the truth of the averments in this paragraph, and to avoid implied admission
the same are denied.

30.    Answering Defendants are without knowledge or information sufficient to
form a belief as to the averments of this paragraph, and, to avoid implied admission, they
are denied.

31.    Admitted that an Instruction on the Manner of Proceeding in Cases of
Solicitation, issued by the Supreme and Holy Congregation of the Holy Office, was
published by The Vatican Press in 1962.  The Instruction speaks for itself.  Otherwise
Answering Defendants are without knowledge or information sufficient to form a belief

7

as to the averments in this paragraph.

32.    Admitted that the Diocese maintains in a confidential manner certain documents regarding clergy sexual abuse of minors. Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

33.    Admitted that Canons 486-488 provide for the maintenance of general archives, including provisions regarding security and access thereto, and removal of documents. These Canons speak for themselves.

34.    As to Answering Defendants, admitted that a secret archive is maintained in accordance with Canon 489, and that certain records regarding Fr. DeLuca are housed in this archive. Otherwise, the averments of this paragraph are denied.

35.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

C.    **DeLuca's History of Pedophilic Sexual Molestation and the Underlying Intentional and Negligent Tort Claims**

36.    Denied as stated as to Answering Defendants. Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

37.    Denied as stated.

8

38.     On information and belief, admitted that in 1966 the parents of a victim reported that their son had been sexually abused by Fr. DeLuca. Otherwise the averments of this paragraph are denied as they relate to Answering Defendants. As they relate to other defendants, Answering Defendants are without knowledge or information sufficient to form a belief regarding the averments of this paragraph

39.     This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time. Admitted that the Diocese had a duty to protect children from clerical sexual abuse. To the extent this paragraph contains a factual averment, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and to avoid implied admission the same are denied.

40.     This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time. Admitted that the Diocese had a duty to protect children from clerical sexual abuse. To the extent this paragraph contains a factual averment, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and to avoid implied admission the same are denied.

41.     This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time. Admitted that the Diocese had a duty to protect children from clerical sexual abuse. To the extent this paragraph contains a factual averment, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and to avoid implied admission the same

9

are denied.

42.     Admitted that the identity of at least one victim of Fr. DeLuca has been publicized. Denied that Fr. DeLuca was an agent of the Diocese. Denied that the Diocese breached any duty. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

43.     Admitted that the Diocese has publicly admitted that it has received admitted, corroborated or otherwise substantiated allegations of sexual abuse of minors by Fr. DeLuca. The balance of the averment of this paragraph is denied.

44.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

45.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

### D.     Agency

46.     Admitted that the Diocese granted faculties to Fr. DeLuca to publicly perform priestly office in the Catholic Diocese of Wilmington. Admitted further that Fr. DeLuca could not publicly perform priestly office within the Diocese of Wilmington without the permission of the Diocese, and, of course, without having been ordained as a

10

Roman Catholic priest.  Otherwise the averments of this paragraph are denied.

47.    This paragraph contains legal contentions of plaintiff which require no response at this time.  Admitted that the Diocese granted faculties to Fr. DeLuca to publicly perform priestly office within the Diocese.  Further admitted that the Diocese assigned Fr. DeLuca to the parishes where he worked throughout his tenure as a priest of the Diocese in public ministry.

48.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

49.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

50.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

51.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

52.    Admitted that the Diocese granted faculties to Fr. DeLuca to publicly perform priestly office in the Catholic Diocese of Wilmington, and that the Diocese

DB02:6195593.1                                                                 099999.1636

assigned Fr. DeLuca to the various parishes where he worked during his tenure as a priest

of the Diocese in public ministry.  Further admitted that Fr. DeLuca retired, and receives

benefits pursuant to the pension plan of the Diocese.  Otherwise, the balance of the

averments in this paragraph are denied.

### E.    Fiduciary Relationships

53.    This paragraph contains legal contentions of plaintiff that require no

response from Answering Defendants at this time.  Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of the factual

averments of this paragraph, and to avoid implied admission the same are denied.

54.    This paragraph contains legal contentions of plaintiff that require no

response from Answering Defendants at this time.  Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of the factual

averments of this paragraph, and to avoid implied admission the same are denied.

55.    This paragraph contains legal contentions of plaintiff that require no

response from Answering Defendants at this time.  Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of the factual

averments of this paragraph, and to avoid implied admission the same are denied.

56.    This paragraph contains legal contentions of plaintiff that require no

response from Answering Defendants at this time.  Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of the factual

averments of this paragraph, and to avoid implied admission the same are denied.

57.    This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments of this paragraph, and to avoid implied admission the same are denied.

58.    This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments of this paragraph, and to avoid implied admission the same are denied.

### F.    Plaintiff's Background

59.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

60.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

61.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

62.    Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

63.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

64.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

65.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

66.    This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments of this paragraph, and to avoid implied admission the same are denied.

### G.    DeLuca's Earlier Sexual Crimes

67.    On information and belief, admitted that Fr. DeLuca was ordained a priest for the Diocese on February 3, 1958.  Admitted further that Fr. DeLuca was assigned to serve at St. John the Beloved Parish, in Wilmington, in 1961.  The balance of the averment of this paragraph is denied.

14

68.     Admitted that Michael Schulte reported that he was sexually abused by Fr. DeLuca sometime during the early 1960's. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph.

69.     Admitted that Michael Schulte informed his parents of that he had been sexually abused by Fr. DeLuca sometime after it occurred. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph.

70.     Admitted on information and belief.

71.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

72.     Admitted that, until 2002, the Diocese did not disclose to law enforcement authorities the report of abuse by Michael Schulte and his parents, and did not otherwise disclose to the public information regarding his abuse by Fr. DeLuca until 2006. Otherwise, Answering Defendants deny the averments of this paragraph.

73.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

74.     Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

15

75.    Denied.

76.    Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

77.    Admitted that, on May 29, 2007, the Diocesan Attorney testified at a public hearing in the House of Representatives that the Diocese had information concerning a report in 1966 of sexual abuse of a minor by Fr. DeLuca. Otherwise, the averments of this paragraph are denied.

78.    Admitted that Fr. DeLuca was transferred to St. Elizabeth's Parish in 1966 where he served as assistant pastor. Denied that the Diocese had knowledge of more than one report of child abuse by Fr. DeLuca at the time of his transfer. Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

### H.    Further Reckless and Gross Breach of Duty

79.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

80.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

81.    Denied as to Answering Defendants. Answering Defendants are without

16

knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

82.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

83.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

84.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

85.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

86.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

### I.    DeLuca's Sexual Crimes Against Plaintiff

87.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission

17

the same are denied.

88.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

89.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

90.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

91.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

92.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

93.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

DB02:6195593.1                                                  099999.1636

94.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

95.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

96.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

97.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

98.     Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

99.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

100.    Admitted that Fr. DeLuca was removed from ministry by the Diocese in 1993, and retired to Syracuse, New York.  On information and belief, admitted further

19

that in October, 2006, Fr. DeLuca was arrested in Syracuse on charges relating to sexual abuse of a minor over a period of years. On information and belief, admitted further that, in June, 2007, Fr. DeLuca pleaded guilty to two charges of sexual abuse and one charge of endangering the welfare of a child. Otherwise, the balance of the averments in this paragraph are denied.

101.    Admitted that in November, 2006, the Diocese publicized the names of priests of the Diocese as to whom the Diocese had received admitted, corroborated or otherwise substantiated allegations of sexual abuse of a minor. Otherwise, the balance of the averments in this paragraph are denied.

102.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

103.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

104.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

105.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission

DB02:6195593.1

099999.1636

the same are denied.

106.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

107.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

### J.    Causation

108.    Denied as to Answering Defendants.

### K.    Injuries

109.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

110.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

111.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

DB02:6195593.1                                                                                                    099999.1636

112.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

113.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

114.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

115.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

116.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

## COUNT I (Assault and Battery)

117.    Paragraph 117 repeats and re-alleges paragraphs 1 through 116 of the First Amended Complaint.  Answering Defendants adopt and incorporate by references herein their answers to paragraphs 1 through 116 of the First Amended Complaint as if each such answer was separately set forth here at length.

DB02:6195593.1                                                              099999.1636

118.    Denied that the Diocese is legally responsible for any tortious misconduct of Fr. DeLuca.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

119.    Denied as to the Diocese.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

120.    Denied that Answering Defendants have denied any right of plaintiff. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

### COUNT II (Negligence)

121.    Paragraph 121 repeats and re-alleges paragraphs 1 through 120 of the First Amended Complaint.  Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 120 of the First Amended Complaint as if each such answer was separately set forth here at length.

122.    This paragraph contains legal contentions of plaintiff that require no response from Answering Defendants at this time.  To the extent that this paragraph contains a factual averment, Answering Defendants lack knowledge or information sufficient to form a belief as to its truth, and to avoid implied admission the same are denied.

23

123.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

124.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

125.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission the same are denied.

126.    To the extent the averments of this paragraph relate to Answering Defendants, denied that they denied any right of plaintiff.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the balance averments in this paragraph, and to avoid implied admission the same are denied.

## COUNT III (Gross Negligence)

127.    Paragraph 127 repeats and re-alleges paragraphs 1 through 126 of the First Amended Complaint.  Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 126 of the First Amended Complaint as if each such answer was separately set forth here at length.

128.    Admitted that the Diocese had a duty to protect minors, including plaintiff, from sexual abuse.  Otherwise denied as to Answering Defendants.  As they relate to other defendants, Answering Defendants are without knowledge or information sufficient

24

to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

129.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

130.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

131.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

132.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

133.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

134.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

DB02:6195593.1                                                                                                    099999.1636

## COUNT IV (Breach of Fiduciary Duty)

135.    Paragraph 135 repeats and re-alleges paragraphs 1 through 134 of the First Amended Complaint. Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 134 of the First Amended Complaint as if each such answer was separately set forth here at length.

136.    This paragraph contains a vague legal contention by plaintiff, to which no response is required at this time. To the extent this paragraph is deemed to contain a factual averment, it is denied as to the Diocese. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

137.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

138.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

139.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

140.    Denied as to Answering Defendants. Answering Defendants are without

DB02:6195593.1                                                                                                                          099999.1636

knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

### COUNT V (Fraud)

141.    Paragraph 141 repeats and re-alleges paragraphs 1 through 140 of the First Amended Complaint. Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 140 of the First Amended Complaint as if each such answer was separately set forth here at length.

142.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

143.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

144.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

145.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

146.    Denied as to Answering Defendants. Answering Defendants are without

DB02:6195593.1                                                                                    099999.1636

knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

147.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

148.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

### COUNT VI (Repressed Memory – Assault and Battery)

149.    Paragraph 149 repeats and re-alleges paragraphs 1 through 148 of the First Amended Complaint. Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 148 of the First Amended Complaint as if each such answer was separately set forth here at length.

150.    Denied that the Diocese is legally responsible for the torts of Fr. DeLuca. This paragraph also contains legal contentions of plaintiff that require no response from Answering Defendants at this time. To the extent this paragraph contains factual averments, Answering Defendants are without knowledge or information sufficient to form a belief as to them, and to avoid implied admission they are denied.

151.    Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

28

152.    Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

153.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

154.    Denied that the Diocese denied any right of plaintiff.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

## COUNT VII (Repressed Memory – Negligence)

155.    Paragraph 155 repeats and re-alleges paragraphs 1 through 154 of the First Amended Complaint.  Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 154 of the First Amended Complaint as if each such answer was separately set forth here at length.

156.    Admitted that the Diocese had a duty to protect minors, including plaintiff, from sexual abuse.  Otherwise denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

157.    Denied as to Answering Defendants.  Answering Defendants are without

29

knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

158.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

159.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

160.    Denied as to the Diocese.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

## COUNT VIII (Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing)

161.    Paragraph 161 repeats and re-alleges paragraphs 1 through 160 of the First Amended Complaint.  Answering Defendants adopt and incorporate by reference herein their answers to paragraphs 1 through 160 of the First Amended Complaint as if each such answer was separately set forth here at length.

162.    Denied as to the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

30

163.    Denied as to the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

164.    Denied there was any contract with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

165.    Denied there was any contract with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

166.    Denied there was any contract with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

167.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

168.    Denied there was any such breach by Answering Defendants.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

169.    Denied there was any such contract with the Diocese.  Otherwise

31

Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

170.    Denied as to Answering Defendants.

171.    Denied there were any such contracts with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

172.    Denied there were any such contracts with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

173.    Denied there were any such contracts with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

174.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

175.    Denied there was any such breach by Answering Defendants.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

DB02:6195593.1                                                                                    099999.1636

176.    Denied there was any such contract with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

177.    Denied there were any such further contracts with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

178.    Denied there were any such further contracts with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

179.    Denied there were any such further contracts with the Diocese.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

180.    Denied as to Answering Defendants.  Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

181.    Denied there was any contract between plaintiff's parents and the Diocese, and that there was any breach by Answering Defendants.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

33

182.   Denied there was any contract between plaintiff's parents and the Diocese, and that there was any breach by Answering Defendants.  Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

183.   Denied that Answering Defendants have denied any rights of plaintiff. Otherwise Answering Defendants are without knowledge or information sufficient to form a belief as to the balance of the averments of this paragraph, and to avoid implied admission they are denied.

## DEFENSES

### First Defense

184.   Plaintiff's claims fail to state a claim upon which relief may be granted.

### Second Defense

185.   This Court may lack jurisdiction over the subject matter of this action as it relates to certain parties and claims.

### Third Defense

186.   Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Defense

187.   Plaintiff's claims are barred by the doctrine of laches.

### Fifth Defense

188.   At all relevant times, the knowledge of other persons and entities, and the

34

ability of such other persons and entities to take action to prevent the injuries of which the plaintiff now complains, may have been superior to that of Answering Defendants, and therefore, if there was any duty to intercede to protect plaintiff, the duty may have been on those other persons and entities and not on Answering Defendants.

### Sixth Defense

189.    Plaintiff's alleged injuries, if any, may have been the result of acts or omissions of individuals or parties over which Answering Defendants had no control.

### Seventh Defense

190.    Answering Defendants at all times relevant hereto complied with all applicable standards, policies and federal, state and other regulations and laws.

### Eighth Defense

191.    Any negligence allegedly attributable to Answering Defendants was not the proximate cause of plaintiff's alleged injuries.

### Ninth Defense

192.    Answering Defendants are not liable for the intentional torts committed by other individuals or parties who are not Answering Defendants.

### Tenth Defense

193.    Plaintiff's claims for punitive damages, breach of contract, breach of implied covenant of good faith and fair dealing, gross negligence, and/or negligence are barred and/or limited by applicable state and federal constitutional provisions.

DB02:6195593.1                                                          099999.1636

### Eleventh Defense

194.    The First Amended Complaint fails to specify any willful or wanton conduct on the part of Answering Defendants, and therefore, all claims for and references to the recovery of special damages in the First Amended Complaint must be stricken.

### Thirteenth Defense

195.    The First Amended Complaint fails to allege with specificity any acts, actions or conduct on the part of Answering Defendants which constitute fraud as required by Delaware law, and therefore, all claims and/or damages based upon allegations of fraud must be stricken.

### Fourteenth Defense

196.    The First Amended Complaint fails to allege with specificity any acts, actions or conduct on the part of Answering Defendants which constitute conspiracy as required by Delaware law, and therefore, all claims and/or damages based upon allegations of conspiracy must be stricken.

### Fifteenth Defense

197.    Specifically as to any alleged breach of contract claim or breach of the implied covenant of good faith and fair dealing, the plaintiff fails to state a claim as to the existence or breach of any such alleged contract and/or covenant.

### Sixteenth Defense

198.    To the extent plaintiff's claims are based on any purported contract or other agreement, they are barred by the statute of frauds.

DB02:6195593.1                                                                099999.1636

## Seventeenth Defense

199.    To the extent plaintiff's claims are based on repressed or recovered memory, they are not cognizable in this Court.

## Eighteenth Defense

200.    Application of the so-called repressed or recovered memory theory under the circumstances in this case is barred by state and federal constitutional provisions.

## Nineteenth Defense

201.    The "Child Victims Act," 10 DEL. C. § 8145, violates the Delaware Constitution and the United States Constitution.

## Twentieth Defense

202.    Application of the "Child Victims Act," 10 DEL. C. § 8145 under the circumstances in this case is barred by state and federal constitutional provisions.

## Twenty-First Defense

203.    Specifically as it relates to Defendant Bishop Saltarelli, the First Amended Complaint fails to state a claim upon which relief may be granted as a matter of applicable Delaware corporate law.

## Twenty-Second Defense

204.    Answering Defendants adopt, invoke and incorporate by reference any affirmative defense asserted by any other defendant.

## MOTION TO STRIKE

205.    The First Amended Complaint, particularly in sections III.A. and B., contains redundant, immaterial and impertinent matter which must be stricken.

DB02:6195593.1                                                                                        099999.1636

206.    The First Amended Complaint fails to allege any acts, actions or conduct on the part of Answering Defendants that would constitute fraud or conspiracy with specificity as required by Delaware law, and, therefore, all claims and/or damages based on the allegations of fraud or conspiracy must be stricken as to Answering Defendants.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

207.    Answering Defendants deny that they are liable to the plaintiff in any respect. However, in the event that Answering Defendants are held liable to the plaintiff, then they cross claim against each and every co-defendant, on the grounds that the conduct of one or several co-defendants was the primary cause of the damage sustained by the plaintiff and that Answering Defendants, if liable at all, are only secondarily liable. Answering Defendants, therefore, are entitled to indemnification from each and every co-defendant.

208.    In the event Answering Defendants are held primarily liable to the plaintiff, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained by the plaintiff and Answering Defendants are entitled to contribution in any amount which it may be required to pay the plaintiff as a result of the co-defendants' wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 DEL. C. § 6208.

## ANSWERS TO CROSSCLAIMS

209.    Answering Defendants deny any allegations of any cross claim which has been or may be asserted against it and demands that any such cross claim be dismissed.

DB02:6195593.1    099999.1636

Further, it is asserted that if liability is found, there should be an apportionment made by the trier of fact.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (Supr. Ct. ID #74)
Neilli Mullen Walsh (Supr. Ct. ID #2707)
Jennifer M. Kinkus (Supr. Ct. ID #4289)
Mary F. Dugan (Supr. Ct. ID #4704)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Attorneys for Defendants
Catholic Diocese of Wilmington, Inc.
and Bishop Michael A. Saltarelli

DATED:  September 12, 2007

DB02:6195593.1                                                                                           099999.1636