# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT QUILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 07-435-SLR |
| | ) |
| CATHOLIC DIOCESE OF WILMINGTON, INC., | ) |
| ST. ELIZABETH'S CATHOLIC CHURCH, | ) |
| Rev. FRANCIS G. DELUCA, and | ) |
| Rev. MICHAEL A. SALTARELLI, | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## OPENING BRIEF OF DEFENDANTS
## CATHOLIC DIOCESE OF WILMINGTON, INC.
## AND BISHOP SALTARELLI
## IN SUPPORT OF THEIR MOTION TO DISMISS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Anthony G. Flynn (#74)
Neilli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
Mary F. Dugan (#4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
E-mail:   aflynn@ycst.com
          nwalsh@ycst.com
          jkinkus@ycst.com
          mdugan@ycst.com
Attorneys for Defendants Catholic Diocese of Wilmington, Inc. and Rev. Michael A. Saltarelli

## TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Cases | iv |
| Nature and Stage of Proceedings | 1 |
| Summary of Argument | 2 |
|     I.  This action was filed pursuant to 10 DEL. C. § 8145 (hereinafter the "Act"), which explicitly is applicable only to actions filed in the Superior Court of the State of Delaware. The Court should dismiss this action, because, contrary to the mandate of the Act, Plaintiff erroneously filed this lawsuit in federal court. | 2 |
|     II.  Plaintiff's claims against Bishop Saltarelli are barred because Plaintiff has not pled facts sufficient to warrant piercing the corporate veil. | 2 |
|     III.  Plaintiff does not assert any theory of liability against Bishop Saltarelli, but merely alleges that Bishop Saltarelli was made a party for purposes of executing on a judgment. This allegation cannot support a claim against Bishop Saltarelli. | 2 |
| Statement of Facts | 3 |
| Argument | 4 |
|     I.  This action is brought pursuant to 10 DEL. C. § 8145, which explicitly applies only to actions filed in the Superior Court of the State of Delaware. The Court should dismiss this action because, contrary to the mandate of the Act, Plaintiff erroneously filed this lawsuit in federal court. | 4 |
|         A.  Scope and Standard of Review | 4 |
|         B.  Merits of Argument | 4 |

DB02:6260669.1    066539.1001

  II. Plaintiff's claims against Bishop Saltarelli are barred because Plaintiff has not pled facts sufficient to warrant piercing the corporate veil. ...........................................................................................................8

    A. Scope and Standard of Review ........................................................... 8

    B. Merits of Argument ............................................................................. 9

  III. Plaintiff does not assert any theory of liability against Bishop Saltarelli, but merely alleges that Bishop Saltarelli was made a party for purposes of executing on a judgment. This allegation cannot support a claim against Bishop Saltarelli. ....................................................................................................11

    A. Scope and Standard of Review ......................................................... 11

    B. Merits of Argument ........................................................................... 11

Conclusion ............................................................................................................... 13

DB02:6260669.1                                  066539.1001

TABLE OF CASES

**Cases**

*Brown v. Colonial Chevrolet Co.,*
    249 A.2d 439 (Del. Super. 1968)..................................................................10

*Colantuno v. Aetna Ins. Co.,*
    980 F.2d 908 (3d Cir. 1992)..................................................................8, 11

*Crosse v BCBSDE, Inc.,*
    836 A.2d 492 (Del. 2003)..................................................................9

*Edelson v. Soricelli,*
    610 F.2d 131 (3d Cir. 1979)..................................................................7

*Eden v. Oblates of St. Francis de Sales,*
    2006 Del. Super. LEXIS 492 (Dec. 4, 2006)..................................................................10

*Gallenthin Realty Dev., Inc. v. B.P. Prods. Of N. Am., Inc.,*
    2006 U.S. App. LEXIS 1722 (3d Cir. Jan. 24, 2006)..................................................................4

*Geyer v. Ingersoll,*
    621 A.2d 784 (Del. Ch. 1992)..................................................................9

*Harco Nat'l Ins. Co. v. Green Farms, Inc.,*
    1989 Del. Ch. LEXIS 114 (Sept. 19, 1989)..................................................................9

*Harrison v. St. Louis & San Francisco R.R. Co.,*
    232 U.S. 318 (1914)..................................................................7

*In re: Litig. Trust of MDIP, Inc.,*
    2005 U.S. Dist. LEXIS 9901 (D. Del. May 25, 2005)..................................................................4

*MCI Telecomm. Corp. v. Teleconcepts, Inc.,*
    71 F.3d 1086 (3d Cir. 1995)..................................................................7

*Monte v. S. Del. County Auth.,*
    321 F.2d 870 (3d Cir. 1963)..................................................................7

*Morse v. Lower Merion Sch. Dist.,*
    132 F.3d 902 (3d Cir. 1997)..................................................................9, 11

*Nat. Res. Def. Council, Inc. v. NVF Co.,*
    1998 U.S. Dist. LEXIS 9790 (D. Del. June 25, 1998)..................................................................4

*Ry. Co. v. Whitton's Adm'r*,
    80 U.S. 270 (1872)..................................................................................7

*S. Freedman & Co., Inc. v. Raab*,
    2006 U.S. App. LEXIS 11611 (3d Cir. May 10, 2006)............................8

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
    140 F.3d 478 (3d Cir. 1998).............................................................. 9, 11

*Turicentro, S.A. v. Amer. Airlines, Inc.*,
    303 F.3d 293 (3d Cir. 2002)...................................................................4

*Williams v. Potter*,
    384 F. Supp. 2d 730 (D. Del. 2005)...................................................8, 11

**Statutes**

10 DEL. C. § 8116..................................................................................................3

10 DEL. C. § 8145.........................................................................................*passim*

CAL. CODE CIV. PRO. § 340.1(c)............................................................................6

**Rules and Regulations**

F.R.C.P. 12(b)(1)....................................................................................................4

F.R.C.P. 12(b)(6)...............................................................................................8, 11

F.R.C.P. 12(h)(3)....................................................................................................8

DEL. SUPR. CT. R. 41(a)(ii)....................................................................................6

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Robert Quill filed this action against the Catholic Diocese of Wilmington, Inc. (hereinafter the "Diocese"), St. Elizabeth's Catholic Church (hereinafter "St. Elizabeth's"), Rev. Francis G. DeLuca (hereinafter "Fr. DeLuca"), and Rev. Michael A. Saltarelli (hereinafter "Bishop Saltarelli") on July 12, 2007, seeking money damages for personal injuries arising from alleged sexual abuse by Fr. DeLuca. The Plaintiff alleges that the jurisdiction of this Court is based upon diversity of citizenship. On August 8, 2007, Plaintiff filed a First Amended Complaint.

On September 12, 2007, Defendants the Diocese and Bishop Saltarelli (collectively the "Diocesan Defendants") answered the First Amended Complaint and filed a Motion to Dismiss (D.I. 20), together with a Joint Stipulation and Order setting forth a briefing schedule (D.I. 18). This Court approved the briefing schedule on September 14, 2007.

This is the Opening Brief of the Diocese and Bishop Saltarelli in support of their Motion to Dismiss.

## SUMMARY OF ARGUMENT

I.  This action was filed pursuant to 10 DEL. C. § 8145 (hereinafter the "Act"), which explicitly is applicable only to actions filed in the Superior Court of the State of Delaware. The Court should dismiss this action, because, contrary to the mandate of the Act, Plaintiff erroneously filed this lawsuit in federal court.

II. Plaintiff's claims against Bishop Saltarelli are barred because Plaintiff has not pled facts sufficient to warrant piercing the corporate veil.

III. Plaintiff does not assert any theory of liability against Bishop Saltarelli, but merely alleges that Bishop Saltarelli was made a party for purposes of executing on a judgment. This allegation cannot support a claim against Bishop Saltarelli.

## STATEMENT OF FACTS

Plaintiff alleges that Fr. DeLuca sexually abused him from 1968 through 1975. (D.I. 11, ¶96) Plaintiff contends that the Diocese and St. Elizabeth's are liable to Plaintiff for the injuries he allegedly suffered because of the abuse, based on theories of negligence (D.I. 11, ¶¶121-126, 155-160), gross negligence (D.I. 11, ¶¶127-134), breach of fiduciary duty (D.I. 11, ¶¶135-140), fraud (D.I. 11, ¶¶141-148), and breach of contract/breach of implied covenant of good faith and fair dealing (D.I. 11, ¶¶161-183).

On July 10, 2007, 10 DEL. C. § 8145, the Child Victim's Act (hereinafter the "Act"), was signed into law by the Governor of Delaware. Among other things, the Act provides a two-year "window" during which victims of child sexual abuse, whose personal injury claims were barred by the former two-year statute of limitations set forth in 10 DEL. C. § 8116, are permitted to file those previously time-barred claims in the Superior Court of the State of Delaware. 10 DEL. C. § 8145(b).

This action, filed two days after the enactment of the Act, is the first lawsuit brought under the Act. Instead of filing in Superior Court, as required by the Act, Plaintiff filed suit in this Court, simply on the basis of diversity jurisdiction. (D.I. 11, ¶2)

Bishop Saltarelli is the current Bishop of the Diocese. (D.I. 11, ¶9) Plaintiff alleges that Bishop Saltarelli "is sued only in his official capacity as agent or alter ego of the Diocese for purposes of collecting a money judgment against the Diocese, should its assets be titled in his name." (D.I. 11, ¶9) Bishop Saltarelli is a citizen of the State of Delaware. (D.I. 11, ¶9)

3

# ARGUMENT

I. **This action is brought pursuant to 10 DEL. C. § 8145, which explicitly applies only to actions filed in the Superior Court of the State of Delaware. The Court should dismiss this action because, contrary to the mandate of the Act, Plaintiff erroneously filed this lawsuit in federal court.**

A. **Scope and Standard of Review**

The federal courts recognize that there are two types of challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1): facial attacks and factual attacks. *Gallenthin Realty Dev., Inc. v. BP Prods. of N. Am., Inc.*, 2006 U.S. App. LEXIS 1722, at *7 (3d Cir. Jan. 24, 2006). The Diocesan Defendants raise a facial challenge to this Court's ability to hear and decide the matter before it. That is, the allegations in the First Amended Complaint, taken as true, are not sufficient to support the jurisdiction of this Court. *See id.* ("'[W]e review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'") (quoting *Turicentro, S.A. v. Amer. Airlines, Inc.*, 303 F.3d 293, 300 (3d Cir. 2002)). Thus, this Court must determine whether the pleadings are sufficient to support jurisdiction and in doing so, must accept the allegations in the First Amended Complaint as true and make all reasonable inferences in Plaintiff's favor. *In re: The Litig. Trust of MDIP, Inc.*, 2005 U.S. Dist. LEXIS 9901, at *2 (D. Del. May 25, 2005). "[T]he party asserting subject matter jurisdiction has the burden of proving its existence." *Nat. Res. Def. Council, Inc. v. NVF Co.*, 1998 U.S. Dist. LEXIS 9790 (D. Del. June 25, 1998).

B. **Merits of Argument**

Plaintiff unequivocally states in the first paragraph of his First Amended

4

Complaint that this lawsuit is brought pursuant to the provisions of the "Delaware Child Victims Act of 2007," 10 DEL. C. § 8145. (D.I. 11, ¶1) The Act provides a "lookback" period of two years during which victims of child sexual abuse "who have been barred from filing suit against their abusers by virtue of the expiration of the former civil statute of limitations, shall be permitted to file those claims." § 8145(b). Inasmuch as the alleged abuse of Plaintiff occurred approximately 40 years ago, his personal injury claim based on such abuse clearly would be barred under the applicable statute of limitations, were it not for the enactment of the Act.[1]

The Act only revives Plaintiff's otherwise time-barred claim, however, if he pursues relief in the Superior Court of the State of Delaware. The "window" is opened by the Act only for claims filed in that court. The Act is explicit on this point:

> For a period of 2 years following July 10, 2007, victims of child sexual abuse that occurred in this State who have been barred from filing suit against their abusers by virtue of the expiration of the former civil statute of limitations, shall be permitted to file those claims in the **Superior Court** of this State.

10 DEL. C. § 8145(b) (emphasis supplied). Though seeking relief under the Act, Plaintiff ignored this provision, and erroneously filed his time-barred claim in this Court.

While the legislative history of the Act is silent on why the Delaware

---

[1] Plaintiff vaguely pleads in the alternative that the statute of limitations was tolled because he repressed all memory of the abuse until October 2006. (D.I. 11, ¶¶152, 158) Because this Motion to Dismiss addresses only whether this Court has subject matter jurisdiction over a case brought under the Act, Plaintiff's repressed memory theory is not addressed in this Brief. The Diocesan Defendants do not waive their right to challenge this theory if this case proceeds in this Court. The Diocesan Defendants note, however, the inherent inconsistency between the Plaintiff contending that he is entitled to the benefit of the Act, because his claim otherwise is time-barred, and his implicit contention that the operation of the statute of limitations was tolled based on his alleged repressed memory of the abuse.

General Assembly mandated that claims be filed in Superior Court, the reasons seem apparent. To begin with, the Act has an unlimited backward reach. Any child sex abuse claim, regardless of when the abuse allegedly occurred, may be filed within the two-year lookback period. Because the Act opens the door for any claim based on child sex abuse which occurred anytime in the past, it is anticipated that many such cases will be filed during the two-year window of opportunity.[2] If all of these cases are filed in the same court, namely the Delaware Superior Court, they can be managed in a consistent and efficient manner, under the same procedural rules, and subject to the same appellate review. Furthermore, the likelihood of resolving globally cases filed under the Act increases if all of the cases are pending in the same court.

Another consideration supporting primary state court jurisdiction is the novel nature of the Act. The Act is only the second state law of its kind including a lookback provision.[3] Inevitably, issues of first impression under Delaware law will be raised, including the validity, under the Delaware Constitution of 1897, of retroactively reviving barred claims. If this case proceeds in federal court, this Court may need to certify certain questions of state law to the Delaware Supreme Court pursuant to Delaware Supreme Court Rule 41(a)(ii).

The Diocesan Defendants anticipate that Plaintiff may argue that a state statute may not divest a federal court of diversity jurisdiction when the statutory

---

[2] Plaintiff's counsel recently stated publicly that they have at least fifteen or twenty more cases to file under the Act, including seven more cases involving Fr. DeLuca. Plaintiff's counsel also stated publicly that there could be up to one hundred cases filed under the Act. In fact, on September 20, 2007, Plaintiff's counsel filed another case under the Act, also involving Fr. DeLuca, in the Delaware Superior Court in Kent County. *Dingle v. Mulvee*, Del. Super., C.A. No. 07C-09-025-JTV.

[3] *See* CAL. CODE CIV. PRO. § 340.1(c) (providing for one-year lookback provision).

6

prerequisites for diversity exist. *Ry. Co. v. Whitton's Adm'r*, 80 U.S. 270, 286 (1872); *see also Harrison v. St. Louis & San Francisco R.R. Co.*, 232 U.S. 318, 331 (1914). Regardless, federal courts have, in some instances, deferred to state statutes which require, for reasons of public policy, the resolution of issues in a certain forum other than the federal court. *See, e.g., MCI Telecomm. Corp. v. Teleconcepts, Inc.* 71 F.3d 1086, 1103-06 (3d Cir. 1995) (explaining the doctrine of "primary jurisdiction" wherein a state statute which vests jurisdiction with an administrative agency is given effect by the federal courts, depriving a district court of jurisdiction of the action); *Edelson v. Soricelli*, 610 F.2d 131, 141 (3d Cir. 1979) (plaintiffs filing a medical malpractice case in federal court based on diversity jurisdiction, and asserting state law causes of action, must complete an arbitration process contemplated by state medical malpractice statute before pursuing their claim in district court); *Monte v. S. Del. County Auth.*, 321 F.2d 870, 874 (3d Cir. 1963) (holding that the district court did not have jurisdiction to review an arbitration award, because the court was required to enforce the contract between the parties, which incorporated a state statute that provided that only state courts can review arbitration awards). These cases are factually distinguishable, as none of them involve a cause of action extinguished by operation of the governing state law, but then later revived for only a limited period of time by a statute which restricts jurisdiction to state court. Despite this factual distinction, the same public policy argument articulated in the cites cases is applicable here, where it is clearly preferable for a single court, the Delaware Superior Court, to manage the cases brought under the Act, and to resolve legal issues of first impression in the forum state.

The Act explicitly provides for exclusive jurisdiction in Superior Court of

retroactively revived child sex abuse claims – causes of action that were extinguished by operation of the prior state law. On its face, the Act precludes Plaintiff from filing his claim in this Court. Particularly in light of the cited cases, the issue of subject matter jurisdiction should be resolved at this stage of the proceedings. Subject matter jurisdiction may be raised at any time, and this Court at any time could determine *sua sponte* that it does not have jurisdiction of Plaintiff's claims in this case. F.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *accord S. Freedman & Co., Inc. v. Raab*, 2006 U.S. Appp. LEXIS 11611, at *7, 11 (3d Cir. May 10, 2006) (citing Rule 12(h)(3) and stating that a "district court has a duty to raise doubts about its jurisdiction at any time"). Whether this case will proceed to judgment in this Court should be resolved at the outset, and it is for this reason that the Diocesan Defendants raise the issue of subject matter jurisdiction by way of this Motion to Dismiss.

II. **Plaintiff's claims against Bishop Saltarelli are barred because Plaintiff has not pled facts sufficient to warrant piercing the corporate veil.**

   A. **Scope and Standard of Review**

   In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, this Court must determine whether "relief could be granted under any set of facts which could be proved." *Colantuno v. Aetna Ins. Co.*, 980 F.2d 908, 909 (3d Cir. 1992); *accord Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005) ("'A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all

reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.'") (quoting *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F. 3d 478, 483 (3d Cir. 1998)). While the Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom" when considering a Rule 12(b)(6) motion, "**a court need not credit a complaint's 'bald assertions' or 'legal conclusions'** when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (emphasis supplied).

### B. Merits of Argument

In order for Plaintiff to assert any claim against Bishop Saltarelli as "agent or alter ego of the Diocese," i.e., to impose personal liability on the Bishop for the alleged tortious conduct of the Diocese, Plaintiff must "pierce the corporate veil" of the diocesan corporation of which the Bishop is a member and officer. *See Crosse v. BCBSDE, Inc.*, 836 A.2d 492, 497 (Del. 2003) (stating that to hold the officers and directors directly liable for alleged mismanagement, the court must pierce the corporate veil). Plaintiff has not pled any facts in his First Amended Complaint to support such relief. *Geyer v. Ingersoll*, 621 A.2d 784, 793 (Del. Ch. 1992) ("A court can pierce the corporate veil of an entity where there is fraud or where a subsidiary is in fact a mere instrumentality or alter-ego of its owner."); *see also Harco Nat'l Ins. Co. v. Green Farms, Inc.*, 1989 Del. Ch. LEXIS 114, at *10 (Sept. 19, 1989) (stating that "persuading a Delaware Court to disregard the corporate entity is a difficult task" and that the "legal entity of a corporation will not be disturbed until sufficient reason appears). Plaintiff has pled no facts regarding any alleged disregard by Bishop Saltarelli or the Diocese of the diocesan corporate entity

in any respect, much less has Plaintiff alleged any specific acts or omissions which would justify piercing the corporate veil under the specific circumstances underlying this action.

Less than a year ago, specifically in the context of a child sex abuse case wherein the Diocese and Bishop Saltarelli were defendants, similar claims against the Bishop were dismissed. *Eden v. Oblates of St. Francis de Sales,* 2006 Del. Super. LEXIS 492, at *29 (Dec. 4, 2006). As in this case, the plaintiff in *Eden* sued Bishop Saltarelli "'in his official capacity as agent or alter ego of the Diocese.'" *Id.* at *27. As the court in *Eden* noted, "[a]s a general rule, so far as personal liability on corporation contracts is concerned, officers of corporations are ... not liable on corporate contracts as long as they do not act and purport to bind themselves individually." *Brown v. Colonial Chevrolet Co.,* 249 A.2d 439, 441 (Del. Super. 1968). Because Bishop Saltarelli began serving as Bishop of the Diocese more than ten years after the alleged wrongdoing in *Eden*, the court recognized that he had no part in the actions alleged by the plaintiff as part of his claim. 2006 Del. Super. LEXIS 492, *28. Thus, the *Eden* court dismissed the plaintiff's claims against Bishop Saltarelli.

As recognized by the court in *Eden*, Bishop Saltarelli did not begin serving as Bishop of the Diocese until 1993, more than twenty years after the alleged abuse of the Plaintiff here allegedly occurred. *Id.* Thus, as in *Eden*, Bishop Saltarelli could not have had a hand in the actions alleged by Plaintiff Quill. Therefore, Plaintiff's claims against Bishop Saltarelli must be dismissed because the First Amended Complaint provides no factual basis to support the legal determination that must be made to enable Plaintiff to sue Bishop Saltarelli personally.

10

III. **Plaintiff does not assert any theory of liability against Bishop Saltarelli, but merely alleges that Bishop Saltarelli was made a party for purposes of executing on a judgment. This allegation cannot support a claim against Bishop Saltarelli.**

   A. **Scope and Standard of Review**

   In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, this Court must determine whether "relief could be granted under any set of facts which could be proved." *Colantuno v. Aetna Ins. Co.*, 980 F.2d 908, 909 (3d Cir. 1992); *accord Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005) ("'A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.'") (quoting *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998)). While the Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom" when considering a Rule 12(b)(6) motion, "**a court need not credit a complaint's 'bald assertions' or 'legal conclusions'** when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (emphasis supplied).

   B. **Merits of Argument**

   In his First Amended Complaint Plaintiff does not articulate **any** theory of liability against Bishop Saltarelli. Plaintiff merely alleges that Bishop Saltarelli was made a party for the purposes of collecting a judgment at the end of the case, assuming that the Plaintiff will obtain a judgment against the Diocese, that the Diocese will not

11

satisfy such a judgment, and that the Plaintiff will need to attach the assets of the Diocese in aid of execution. As stated in the First Amended Complaint, a predicate to prevailing on this theory would be to establish that assets of the Diocese are held in the name of the Bishop. However, the First Amended Complaint makes no allegation that the assets of the Diocese are held in the name of the Bishop. There is no basis to sue an officer/director of a corporate defendant, merely for the purpose of executing on a judgment which may or may not be entered against the corporate defendant, in the absence of any basis for personal liability of the officer/director, and certainly where there is no allegation that the officer/director personally owns any assets of the corporate defendant. Therefore, as they relate to Bishop Saltarelli, Plaintiff's claims should be dismissed.

## CONCLUSION

Defendants Catholic Diocese of Wilmington, Inc. and Rev. Michael A. Saltarelli respectfully request that this Honorable Court issue an order dismissing this action for lack of subject matter jurisdiction, based on the explicit jurisdictional provision of 10 DEL. C. § 8145. Alternatively, Defendant Reverend Michael A. Saltarelli respectfully requests that this Honorable Court issue an Order dismissing the First Amended Complaint in its entirety as to Bishop Saltarelli for failure to state a claim upon which relief can be granted under controlling Delaware corporate law.

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ *Anthony G. Flynn*
Anthony G. Flynn (#74)
Neilli Mullen Walsh (#2707)
Jennifer M. Kinkus (#4289)
Mary F. Dugan (#4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
E-mail:   aflynn@ycst.com
          nwalsh@ycst.com
          jkinkus@ycst.com
          mdugan@ycst.com
Attorneys for Defendants Catholic Diocese of Wilmington, Inc. and Bishop Michael A. Saltarelli

Date:   September 26, 2007