## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROBERT QUILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CATHOLIC DIOCESE OF WILMINGTON,** | : | **C.A. No. 07-435-SLR** |
| **INC., a Delaware corporation; ST.** | : | |
| **ELIZABETH'S CATHOLIC CHURCH, a** | : | |
| **Delaware corporation; Rev. FRANCIS G.** | : | **Jury Trial Demanded** |
| **DELUCA, individually and in his official** | : | |
| **capacity; and Rev. MICHAEL A.** | : | |
| **SALTARELLI, in his official capacity,** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANT ST. ELIZABETH'S CATHOLIC CHURCH'S
### ANSWER TO THE FIRST AMENDED COMPLAINT

1.      Plaintiff's recitation of his legal claims requires no response from Defendant, St. Elizabeth's Catholic Church ("Answering Defendant"). As to the factual averments in this paragraph, Answering Defendant admits that Rev. Francis G. DeLuca was a priest in the Diocese of Wilmington. Answering Defendant admits that Rev. DeLuca was employed by St. Elizabeth's Catholic Church from February 28, 1966 to June 3, 1969. Answering Defendant further admits that, upon information and belief, Rev. DeLuca was convicted in 2007 in the State if New York for crimes he committed during and after 2002. The balance of the averments in this paragraph are denied as to Answering Defendant.

## I.     JURISDICTION

2.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments; therefore, they are denied.

3.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments; therefore, they are denied.

## II.     THE PARTIES

4.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments; therefore, they are denied.

5.     Denied as to any allegations of wrongdoing directed to Answering Defendant.   Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

6.     Answering Defendant admits that St. Elizabeth's is incorporated in Delaware and operates within the Diocese of Wilmington.    It further admits that St. Elizabeth's is authorized to operate as a church and a school within the State of Delaware.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

7.     Answering Defendant admits that Rev. DeLuca is a Roman Catholic priest who was employed by the Diocese from 1958 to 1993.   On information and belief, Answering Defendant admits that Rev. DeLuca is 78 years old and that he once lived at 100 Pastime Drive, Syracuse, New York.   On information and belief, it is further admitted that Rev. DeLuca was convicted of sexual abuse and endangering the welfare of

a child, crimes he committed after he departed Delaware.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

8.     Answering Defendant admits that Rev. DeLuca was the assistant pastor at St. Elizabeth's from 1966 to 1969.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

9.     Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

10.     Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

11.     Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

12.     Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

13.     Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

14.     Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

### III.     FACTS GIVING RISE TO THE ACTION

**A.     Institutional Knowledge of Clergy Sexual Abuse Leading to the Underlying Gross Negligence**

15.     Answering Defendant admits that Monsignor J. Thomas Cini is the Vicar General for Administration of the Diocese and that he testified under oath in July 2007 that the Catholic Church has designed provisions to prevent child abuse since the 1880s. Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

16.     Admitted.

17.     Admitted.

18.     Denied as to Answering Defendant.

19.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

20.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

21.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

22.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

23.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

24.     Answering Defendant admits that the Catholic Church has made efforts to curb the sexual abuse of children.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

25.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

### B.     Institutional Secrecy Regarding Clergy Sexual Abuse Leading to the Underlying Gross Negligence.

26.     Denied as to Answering Defendant.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

27.     Denied as to Answering Defendant.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

28.     Denied as to Answering Defendant.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

29.     Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

30.     Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

31.     Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

32.     Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

33.     Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

34.     Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

35.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

C.    **DeLuca's History of Pedophilic Sexual Molestation and the Underlying Intentional and Negligent Tort Claims.**

36.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

37.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

38.    Denied as to any allegations of wrongdoing directed to Answering Defendant.  On information and belief, admitted that parents of a victim in 1966 alleged that their son had been abused by Rev. DeLuca.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

39.    Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant admits is had a duty to protect children from clerical abuse.  Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

40.    Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant admits is had a duty to protect children from clerical abuse.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

41.    Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant admits is had a duty to protect children from clerical abuse.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

42.    Answering Defendant admits that the name of at least one alleged victim of Rev. DeLuca has been made public.  It is denied that Rev. DeLuca was an agent of Answering Defendant.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

43.    Answering Defendant admits the Diocese has made public its receipt of admitted, corroborated, or otherwise substantiated allegations of sexual abuse of minors by Rev. DeLuca.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

44.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

45.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

### D.     Agency

46.     Answering Defendant admits that Rev. DeLuca was permitted to perform priestly duties within the Diocese.  Admitted further that Rev. DeLuca performed priestly duties for Answering Defendant.  The balance of the averments in this paragraph are denied.

47.     Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant admits that Rev. DeLuca was a priest permitted to perform in the Diocese.

48.     Denied as to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

49.     Denied as to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

50.     Denied as to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

51.     Denied as to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

52.     Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

### E.     Fiduciary Duties

53.     Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

54.     Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

55.     Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

56.     Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

57.    Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

58.    Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

### F.    Plaintiff's Background

59.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

60.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

61.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

62.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

63.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

64.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

65.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

66.    Plaintiff's legal contentions require no response from Answering Defendant at this time.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

### G.    DeLuca's Earlier Sexual Crimes

67.    Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

68.    Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

69.    Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

70.    Denied as to any allegations of wrongdoing directed to Answering Defendant.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

71.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

72.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

73.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

74.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

75.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

76.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Further, Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

77.    Answering Defendant admits that the Diocesan attorney testified before the House of Representatives on May 29, 2007, regarding a 1966 report of abuse by Rev. DeLuca. The balance of the averments in this paragraph are denied.

78.    Answering Defendant admits that Rev. DeLuca was transferred to St. Elizabeth's Parish in 1966. The balance of the averments in this paragraph are denied.

### H.    Further Reckless and Gross Breach of Duty

79.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

80.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

81.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

82.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

83.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

84.     Denied as to Answering Defendant.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

85.     Denied as to Answering Defendant.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

86.     Denied as to Answering Defendant.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

## I.     DeLuca's Sexual Crimes Against Plaintiff

87.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

88.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

89.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

90.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

91.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

92.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

93.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

94.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

95.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

96.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

97.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

98.    Denied as to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

99.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

100.    Answering Defendant admits that Rev. DeLuca was removed by the Diocese in 1993 and that he moved to Syracuse, New York.  It is further admitted, on information and belief, that Rev. DeLuca was arrested in Syracuse, New York in October 2006 on charges stemming from the sexual abuse of a minor.  It is further admitted, on information and belief, that in June 2007 Rev. DeLuca pleaded guilty to two charges of sexual abuse and one charge of endangering the welfare of a child.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

101.    Answering Defendant admits that in November 2006 the Diocese publicized the names of priests about whom the Diocese had received substantiated allegations of sexual abuse of a minor.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

102.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

103.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

104.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

105.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

106.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

107.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

## J.    Causation

108.    Denied as to Answering Defendant.

## K.    Injuries

109.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

110.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

111.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

112.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

113.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

114.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

115.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

116.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

**COUNT I (Assault and Battery)**

117.    Answering Defendant incorporates its responses to paragraphs 1 through 116 as though set forth fully herein.

118.    Answering Defendant denies that it is legally responsible for any intentional torts of Rev. DeLuca.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

119.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

120.    Answering Defendant denies that it has denied any right of the plaintiff. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

## COUNT II (Negligence)

121.    Answering Defendant incorporates its responses to paragraphs 1 through 120 as though set forth fully herein.

122.    Plaintiff's legal contentions require no response from Answering Defendant at this time.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

123.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

124.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

125.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

126.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

## COUNT III (Gross Negligence)

127.   Answering Defendant incorporates its responses to paragraphs 1 through 126 as though set forth fully herein.

128.   Answering Defendant admits that it had a duty to protect minors, including plaintiff, from sexual abuse.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

129.   Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

130.   Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

131.   Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

132.   Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

133.   Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

134.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

### COUNT IV (Breach of Fiduciary Duty)

135.    Answering Defendant incorporates its responses to paragraphs 1 through 134 as though set forth fully herein.

136.    Plaintiff's legal contentions require no response from Answering Defendant at this time.    Denied as to any allegations of wrongdoing directed to Answering Defendant.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

137.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

138.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

139.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

140.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

## COUNT V (Fraud)

141.    Answering Defendant incorporates its responses to paragraphs 1 through 140 as though set forth fully herein.

142.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

143.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

144.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

145.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

146.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

147.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

148.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

**COUNT VI (Repressed Memory – Assault and Battery)**

149.    Answering Defendant incorporates its responses to paragraphs 1 through 148 as though set forth fully herein.

150.    Answering Defendant denies that it is legally responsible for any intentional torts of Rev. DeLuca.  Plaintiff's legal contentions require no response from Answering Defendant at this time.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

151.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

152.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

153.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

154.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

**COUNT VII (Repressed Memory – Negligence)**

155.    Answering Defendant incorporates its responses to paragraphs 1 through 154 as though set forth fully herein.

156.    Answering Defendant admits that it had a duty to protect minors, including plaintiff, from sexual abuse.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

157.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

158.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

159.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

160.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

**COUNT VIII (Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing)**

161.    Answering Defendant incorporates its responses to paragraphs 1 through 160 as though set forth fully herein.

24

162.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

163.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

164.    Answering Defendant denies that there was a contract with the plaintiff. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

165.    Answering Defendant denies that there was a contract with the plaintiff. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

166.    Answering Defendant denies that there was a contract with the plaintiff. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

167.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

168.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

169.    Answering Defendant denies that there was a contract. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

170.    Answering Defendant denies that there was a contract. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

171.    Answering Defendant denies that there was a contract. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

172.    Answering Defendant denies that there was a contract. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

173.    Answering Defendant denies that there was a contract. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

174.    Denied as to Answering Defendant.

175.    Denied as to Answering Defendant. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

176.    Answering Defendant denies that there was a contract. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

177.    Answering Defendant denies that there was a contract or any further contracts. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

178.    Answering Defendant denies that there was a contract or any further contracts. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

179.    Answering Defendant denies that there was a contract or any further contracts. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

180.    Denied as to Answering Defendant.

181.    Answering Defendant denies that there was a contract or any further contracts. Answering Defendant denies that there was any breach by Answering Defendant.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

182.    Answering Defendant denies that there was a contract or any further contracts. Answering Defendant denies that there was any breach by Answering Defendant.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

183.    Answering Defendant denies that it has denied any right of the plaintiff. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph; therefore, they are denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

184.    The Complaint fails to state a claim upon which relief can be granted as to answering defendant.

### SECOND AFFIRMATIVE DEFENSE

185.    The Court lacks jurisdiction over the subject matter as it relates to certain parties and claims.

### THIRD AFFIRMATIVE DEFENSE

186.    Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE.

187.    Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

188.    At all relevant times, the knowledge of other persons and entities, and the ability of such other persons and entities to take action to prevent the injuries of which the plaintiff now complains, was superior to that of the answering defendant, and, therefore, if there was any duty to intercede to protect plaintiff, the duty was on those other persons and entities and not on the answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

189.    Plaintiff's injuries from the alleged allegations, if any, were solely and proximately caused by the negligence or acts of some person or persons, or some other entity not a party to this lawsuit, or were solely and proximately caused by the acts of some other person and not by the answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

190.    The answering defendant at all times relevant hereto complied with all applicable standards, policies and federal, state and other regulations and laws.

## EIGHTH AFFIRMATIVE DEFENSE

191.    Answering Defendant is not liable for the intentional torts of any of its predecessors-in-interest or intentional torts committed by other individuals or parties who are not the answering defendant.

## NINTH AFFIRMATIVE DEFENSE

192.    Plaintiff's claims for punitive damages, breach of contract, breach of implied covenant of good faith and fair dealing, gross negligence, and/or negligence are barred and/or limited by applicable state and federal constitutional provisions.

## TENTH AFFIRMATIVE DEFENSE

193.    The First Amended Complaint fails to specify any willful or wanton conduct on the part of the Answering Defendant which constitute fraud as required by Delaware law, and therefore all claims and/or damages based upon allegations of fraud must be stricken.

## ELEVENTH AFFIRMATIVE DEFENSE

194.    The First Amended Complaint fails to specify any willful or wanton conduct on the part of the Answering Defendant, and therefore all claims for and references to the recovery of special damages in the First Amended Complaint must be stricken.

## TWELFTH AFFIRMATIVE DEFENSE

195.    The First Amended Complaint fails to allege with specificity any acts, actions, or conduct on the part of Answering Defendant which constitute conspiracy as required by Delaware Law, and therefore all claims and/or damages based upon allegations of conspiracy must be stricken.

## THIRTEENTH AFFIRMATIVE DEFENSE

196.    As to any alleged breach of contract claim or breach of the implied covenant of good faith and fair dealing, the plaintiff fails to state a claim as to the existence or breach of any such alleged contract and/or covenant.

## FOURTEENTH AFFIRMATIVE DEFENSE

197.    To the extent plaintiff's claims are based on any purported contract or other agreement, they are barred by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

198.    To the extent plaintiff's claims are based on a legal theory of repressed or recovered memory, they are not cognizable in this Court.

## SIXTEENTH AFFIRMATIVE DEFENSE

199.    Application of the so-called repressed or recovered memory theory under the circumstances in this case is barred by state and federal constitutional provisions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

200.    Any negligence allegedly attributable to Answering Defendant was not the proximate cause of plaintiff's alleged injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

201.    The "Child Victim's Act," 10 Del. C. § 8145, violated the Delaware Constitution and the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

202.    Application of the "Child Victim's Act," 10 Del. C. § 8145, under the circumstances in this case is barred by state and federal constitutional provisions.

## TWENTIETH AFFIRMATIVE DEFENSE

203.    Answering Defendant adopts, invokes, and incorporates by reference any affirmative defense asserted by any other defendant.

## MOTION TO STRIKE

204.    The First Amended Complaint fails to allege any acts, actions, or conduct on the part of Answering Defendant that constitutes fraud or conspiracy with specificity as required by Delaware law; therefore, all claims and/or damages based on the allegations of fraud or conspiracy must be stricken as to Answering Defendant.

## MOTION TO DISMISS

205.    The First Amended Complaint must be dismissed against Answering Defendant on the basis of this Court's lack of subject matter jurisdiction pursuant to

FRCP 12(b)(1). Plaintiff relies on 10 Del. C. § 8145 (Senate Bill 29 – "Child Victim's Act") in order to revive and bring claims of abuse dating back nearly forty (40) years. However, the text of the Child Victim's Act clearly requires that claims brought pursuant to the Act are to be brought in the Superior Court of Delaware. Therefore, plaintiff's claims must be dismissed from the United States District Court for the District of Delaware.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

206. The answering defendant denies that it is liable to the plaintiff in any respect. However, in the event that the answering defendant is held liable to the plaintiff, then it cross claims against each and every co-defendant, on the grounds that the conduct of one or several co-defendants, was the primary cause of the damage sustained by the plaintiff and that the answering defendant, if liable at all, is only secondarily liable. The answering defendant, therefore, is entitled to indemnification from each and every co-defendant.

207. In the event the answering defendant is held primarily liable to the plaintiff, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained by the plaintiff, and the answering defendant is entitled to contribution in any amount which they may be required to pay the plaintiff as a result of the co-defendants' wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors's Law, 10 Del. C. § 6208.

## ANSWERS TO CROSSCLAIMS

208.    The answering defendant denies allegations of any cross claim which has been or may be asserted against it and demands that any such cross claim be dismissed. Further, it is asserted that if liability is found, there should be apportionment made by the trier of fact.

**WHEREFORE**, St. Elizabeth's Catholic Church respectfully demands the Complaint be dismissed with costs assessed to the plaintiff.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

/s/ *Mark L. Reardon*

MARK L. REARDON (No. 2627)
PENELOPE B. O'CONNELL (No. 4898)
300 Delaware Avenue, 17th Floor
P. O. Box 1630
Wilmington, DE   19899-1630
PH:  1.302.428.3181
FX:  1.302.428.3180
E-Mail: mreardon@elzufon.com
Attorneys for St. Elizabeth's Catholic Church

Dated:  September 28, 2007
G:\Docs\CLIENT\131446\19227\pleading\00418181.DOC

33