# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **ROBERT QUILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **C.A.No. 07-435-SLR** |
| **v.** | : | |
| | : | |
| **CATHOLIC DIOCESE OF WILMINGTON,** | : | |
| **INC., a Delaware corporation; ST.** | : | |
| **ELIZABETH'S CATHOLIC CHURCH, a** | : | |
| **Delaware corporation;  Rev. FRANCIS G.** | : | |
| **DELUCA, individually and in his official** | : | |
| **capacity; and Rev. MICHAEL A.** | : | |
| **SALTARELLI, in his official capacity,** | : | |
| | : | |
| **Defendants.** | | |

## PLAINTIFF'S RULE 55(a) MOTION TO THE CLERK
## FOR AN ENTRY OF DEFAULT

Pursuant to Fed.R.Civ.P. 55(a), plaintiff Moves the Clerk to enter the default of defendant Francis G. DeLuca in this action.

### <u>Facts</u>

On July 12, 2007, Plaintiff filed his Complaint. (D.I. 1).  Personal service on defendant DeLuca was achieved on July 19, 2007 at 12:46 p.m. at his residence in Syracuse, N.Y.  (D.I. 8).[1] Under Fed.R.Civ.P. 12(a)(1)(A), DeLuca's Answer was due on August 8, 2007.

On July 31, 2007, counsel received a telephone call from Mr. Steve Casarino, Esq., who stated that he had been retained by DeLuca to represent him.  DeLuca was then given a one week extension of time until August 15, 2007 to respond to the Complaint.

---

[1]  He was also served by certified mail and by service on the Secretary of State. (<u>See</u> D.I. 9, 4).

On August 3, 2007, counsel e-mailed Mr. Casarino, inquiring whether he would accept service of a First Amended Complaint.

On August 8, 2007, plaintiff filed his First Amended Complaint.  (D.I. 11).  That same day, counsel telephoned Mr. Casarino, who orally agreed to accept service of the First Amended Complaint, which was then served upon him by U.S. Mail.

Subsequently, counsel communicated with Mr. Casarino both orally and by e-mail on a number of occasions.

On August 30, 2007, Mr. Casarino called plaintiff's counsel, requesting a short extension of time to Answer the First Amended Complaint until mid September.  The extension was granted upon condition of an entry of appearance and a stipulation being filed.  Several e-mails and telephone calls soon followed after these condition precedents did not occur.

On September 5, 2007, counsel again e-mailed Mr. Casarino, indicating that plaintiff would move for a default judgment if an entry of appearance was not filed by the next day.  One or two days later, Mr. Casarino contacted counsel and requested that counsel delay in moving for a default judgment.

On October 8, 2007, counsel e-mailed Mr. Casarino, again requesting that he enter his appearance in the case.  On October 12, 2007, Mr. Casarino entered his appearance on behalf of defendant DeLuca.  (D.I. 26).

However, despite personal service of the original Complaint on DeLuca more than two months ago, and service of the First Amended Complaint on his counsel more than one month ago, defendant DeLuca has failed to file either an Answer or any other responsive pleading.

## Discussion

Fed.R.Civ.P. 55(a) states that "When a party against whom a judgment for affirmative

2

relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

      As the docket and factual recitation set forth above makes clear, defendant DeLuca has failed to file an Answer.  Nor has he filed a Motion to dismiss or otherwise challenged matters such as service, venue or the sufficiency of the Complaint.[2]

      Defendant DeLuca has defaulted and failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure.  Accordingly, Fed.R.Civ.P. 55(a) now requires that "the clerk shall enter the party's default."

      Plaintiff waives an opening brief in support of this Motion.

                    Respectfully Submitted,

                    **THE NEUBERGER FIRM, P.A.**

                    /s/ Stephen J. Neuberger
                    **THOMAS S. NEUBERGER, ESQ. (#243)**
                    **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                    **RAEANN WARNER, ESQ. (#4931)**
                    Two East Seventh Street, Suite 302
                    Wilmington, DE  19801
                    (302) 655-0582
                    TSN@NeubergerLaw.com
                    SJN@NeubergerLaw.com
                    RW@NeubergerLaw.com

                    **JACOBS & CRUMPLAR, P.A.**

                    /s/ Robert Jacobs
                    **ROBERT JACOBS, ESQ. (#244)**
                    **THOMAS C. CRUMPLAR, ESQ. (#942)**
                    Two East Seventh Street, Suite 400
                    Wilmington, DE 19801

---

    [2] See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682, 16 (1998) (noting that the "words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading").

(302) 656-5445
Bob@JandCLaw.com
Dated: October 19, 2007          Tom@JandCLaw.com

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

October 19, 2007, I electronically filed this Pleading with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following:

Anthony G. Flynn, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
aflynn@ycst.com

Mark Reardon, Esquire
Elzufon Austin Reardon Tarlov & Mondell
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
mreardon@elzufon.com

Stephen P. Casarino, Esquire
Casarino Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
scasarino@casarino.com


/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

/ Quill, Robert / Pleadings / Motion for Entry of Default