## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROBERT QUILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A.No. 07-435-SLR |
| | : | |
| **CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; ST. ELIZABETH'S CATHOLIC CHURCH, a Delaware corporation; Rev. FRANCIS G. DELUCA, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity,** | : : : : : : : : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF'S RULE 55(b) MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT DELUCA AND FOR A TRIAL ON DAMAGES

Pursuant to Fed.R.Civ.P. 55(b)(2), plaintiff Moves this Court to enter a default judgment against defendant Francis G. DeLuca and to schedule a hearing or trial on damages at a time convenient to this Honorable Court.

### Facts

On July 12, 2007, Plaintiff filed his Complaint. (D.I. 1). Personal service on defendant DeLuca was achieved on July 19, 2007 at 12:46 p.m. at his residence in Syracuse, N.Y. (D.I. 8).[1] Under Fed.R.Civ.P. 12(a)(1)(A), DeLuca's Answer was due on August 8, 2007.

On July 31, 2007, counsel received a telephone call from Mr. Steve Casarino, Esq., who stated that he had been retained by DeLuca to represent him. DeLuca was then given a one week

---

[1] He was also served by certified mail and by service on the Secretary of State. (See D.I. 9, 4).

extension of time until August 15, 2007 to respond to the Complaint.

On August 3, 2007, counsel e-mailed Mr. Casarino, inquiring whether he would accept service of a First Amended Complaint.

On August 8, 2007, plaintiff filed his First Amended Complaint. (D.I. 11). That same day, counsel telephoned Mr. Casarino, who orally agreed to accept service of the First Amended Complaint, which was then served upon him by U.S. Mail.

Subsequently, counsel communicated with Mr. Casarino both orally and by e-mail on a number of occasions.

On August 30, 2007, Mr. Casarino called plaintiff's counsel, requesting a short extension of time to Answer the First Amended Complaint until mid September. The extension was granted upon condition of an entry of appearance and a stipulation being filed. Several e-mails and telephone calls soon followed after these condition precedents did not occur.

On September 5, 2007, counsel again e-mailed Mr. Casarino, indicating that plaintiff would move for a default judgment if an entry of appearance was not filed by the next day. One or two days later, Mr. Casarino contacted counsel and requested that counsel delay in moving for a default judgment.

On October 8, 2007, counsel e-mailed Mr. Casarino, again requesting that he enter his appearance in the case. On October 12, 2007, Mr. Casarino entered his appearance on behalf of defendant DeLuca. (D.I. 26).

However, despite personal service of the original Complaint on DeLuca more than two months ago, and service of the First Amended Complaint on his counsel more than one month ago, defendant DeLuca has failed to file either an Answer or any other responsive pleading.

**Discussion**

As the docket and factual recitation set forth above makes clear, defendant DeLuca has failed to file an Answer. Nor has he filed a Motion to dismiss or otherwise challenged matters such as service, venue or the sufficiency of the Complaint.

Despite proper service in numerous forms, defendant DeLuca has failed to follow one of the most fundamental provisions of the Federal Rules of Civil Procedure - filing an answer to a complaint that was duly filed and served. And "[b]ecause defendant[ ] [DeLuca has] failed to answer, move or otherwise respond to the complaint, the entry of default judgment against [him] is appropriate." Compendia Songs v. On Top Communications, 2004 WL 2898070, at *2 (D.Del. Nov. 15, 2004).

Defendant has failed to answer, move or otherwise respond to the Complaint. As a result, "the entry of default judgment against [him] is appropriate." Id.[2]

Since liability under all eight Counts of the Complaint has thus been established, pursuant to Fed.R.Civ.P. 55(b)(2), plaintiff respectfully requests that a hearing or trial be scheduled at which evidence can be presented to determine the amount of compensatory and punitive damages due to plaintiff.

Plaintiff waives an opening brief in support of this Motion.

      Respectfully Submitted,

      **THE NEUBERGER FIRM, P.A.**

      /s/ Stephen J. Neuberger
      **THOMAS S. NEUBERGER, ESQ. (#243)**

---

[2] Contemporaneously with this Motion, plaintiff has filed a Rule 55(a) Motion to the Clerk to enter defendant's default. See Limehouse v. Delaware, 2004 WL 502162, *1 (D.Del. March 3, 2004) (requiring the filing of such a motion). The Court's default judgment will thus act upon this entry of default.

                              **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                              **RAEANN WARNER, ESQ. (#4931)**
                              Two East Seventh Street, Suite 302
                              Wilmington, DE  19801
                              (302) 655-0582
                              TSN@NeubergerLaw.com
                              SJN@NeubergerLaw.com
                              RW@NeubergerLaw.com

                              **JACOBS & CRUMPLAR, P.A.**

                              /s/ Robert Jacobs
                              **ROBERT JACOBS, ESQ. (#244)**
                              **THOMAS C. CRUMPLAR, ESQ. (#942)**
                              Two East Seventh Street, Suite 400
                              Wilmington, DE 19801
                              (302) 656-5445
                              Bob@JandCLaw.com
Dated: October 19, 2007          Tom@JandCLaw.com

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on October 19, 2007, I electronically filed this Pleading with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Anthony G. Flynn, Esquire
>Young Conaway Stargatt & Taylor LLP
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>aflynn@ycst.com
>
>Mark Reardon, Esquire
>Elzufon Austin Reardon Tarlov & Mondell
>300 Delaware Avenue, Suite 1700
>P.O. Box 1630
>Wilmington, DE 19899
>mreardon@elzufon.com
>
>Stephen P. Casarino, Esquire
>Casarino Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>scasarino@casarino.com

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

/ Quill, Robert / Pleadings / Motion for a Default Judgment