IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT QUILL,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A.No. 07-435-SLR |
| : | |
| **CATHOLIC DIOCESE OF WILMINGTON,** : | |
| **INC.**, a Delaware corporation; **ST.** : | |
| **ELIZABETH'S CATHOLIC CHURCH**, a : | |
| Delaware corporation;  Rev. **FRANCIS G.** : | |
| **DELUCA**, individually and in his official : | |
| capacity; and Rev. **MICHAEL A.** : | |
| **SALTARELLI**, in his official capacity, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S REDACTED RESPONSE IN OPPOSITION (1) TO THE JOINT MOTIONS OF DEFENDANTS DIOCESE, SALTARELLI AND CHURCH (D.I. 34 AND 35) TO STRIKE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR PARTIAL SUMMARY JUDGMENT, (2) THEIR EMAIL TO THE COURT FOR EMERGENCY ACTION DATED OCTOBER 23, 2007, AND (3) MOTION TO EXTEND TIME FOR THE FILING OF THEIR BRIEF WHICH IS DUE OCTOBER 30, 2007 (D.I. 34).**

    **A. Time is of the Essence Because of** [REDACTED].

    Plaintiff is ready to try this case as early as February 2008.  He is willing to try his case in an abbreviated fashion in five trial days and not the normal ten days which has been the precedent in the Superior Court for similar litigation.  In this way he hopes to have his day in court against the defendants [REDACTED].

    **B. Defendants Seek Unnecessary and Prolonged Delay.**  As plaintiff warned the Court in detail in his earlier letter, the defense strategy in these types of cases is "unnecessary and prolonged delay." (D.I. 16 at 1).  The defendant priest is 78 years old and elderly, and may soon

go into senility and his testimony will be lost forever, as has already occurred with a similar party defendant in one of the long pending state court cases. (Id. at 3-4). Nonetheless, giving defendants the benefit of the doubt at that early stage of the case, the Court granted defendants an extension of time to respond. (D.I. 21).

Defendants used that time to prepare a frivolous motion without any supporting legal precedent asserting that this Court cannot exercise its historic diversity jurisdiction in this case. Plaintiff has joined that issue and his brief in opposition is in the record. (D.I. 30).

When the Court holds its November 14, 2007 scheduling conference in this case, the case also should be expedited on the docket to assure a [REDACTED] man his day in Court against those he seeks to hold responsible for the unspeakable crimes committed on his person when he was a young child.

**C. Defendants Are Forum Shopping.** But more importantly, in their most recent delaying motion, defendants claim that plaintiff's October 16, 2007 motion to have this Court decide the federal constitutionality of the Act as written, is premature and should only be addressed following full discovery. (D.I. 34 at 2-3). Yet the facts reveal an apparent defense unhappiness with this federal forum and that they are actively forum shopping for what they apparently believe is a more hospitable venue to them. While claiming that briefing on this issue should be stayed in this federal forum, contemporaneously defendants are seeking to have a state court decide these same issues.

As defendants fail to mention, the same defense counsel who signed the present defense motion also last week submitted an October 17th letter in state court, stating the defense intent to brief and attack the constitutionality of the Act forthwith in state court. That letter is attached at

Tab A. Defendants filed their initial motions on these issues in state court yesterday. This flip-flopping begs the question - if this issue is premature in a federal court, why is it ripe in a state court?

The reason is obvious - defendants are forum shopping. The pending defense motion is part of a coordinated defense strategy which seeks to have federal constitutional issues addressed by a state court - a plainly improper litigation tactic given that this issue was properly raised in this federal diversity case, asking this federal court to address the issue of the federal constitutionality of the Act under the federal constitution. Defense displeasure with this federal forum is an insufficient reason to stay the current briefing.

**D. Plaintiff's Motion is Proper Under Both the Rules and the Case Law.** Pursuant to the plain terms of the Federal Rules of Civil Procedure 12(c) and/or Rule 56(a), (c) and (d), on October 16, 2007, plaintiff moved to have this Court hold that the Act is constitutional, as written, under the U.S. Constitution. (D.I. 27-29).

   **1. Rule 12(c).** Rule 12(c) allows "any party," such as plaintiff herein, to move for judgment on the pleadings. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004). As in our present case, Wright and Miller have explained that Rule 12(c) may be used to address -

> the applicability or interpretation of a statutory provision. The Rule 12(c) procedure also may be of value when the statute of limitations provides an effective bar against the plaintiff's claim and the entire controversy may be disposed of by a pretrial summary motion based on the parties pleadings.

5C Wright & A. Miller, Federal Practice and Procedure § 1367 at p.210-11 (3d ed. 2004) (internal footnotes omitted). If the Court rules that the Act violates the U.S. Constitution as written, it will simply moot out this action, as well as numerous others. Rule 12(c) is the proper

3

procedure for this.

Contrary to defense protestations (D.I. 34 at 2), the pleadings are effectively closed. Defendant DeLuca has not filed an Answer, is presently in default and plaintiff has moved accordingly. (D.I. 31-32). As noted above, the pending defense motions to dismiss effectively challenging the constitutionality of federal diversity jurisdiction are frivolous. Moreover, the Court has recently issued its Order for Scheduling Conference, which the Court routinely issues when the case is ready to move forward. The pleadings are closed.

**2. Rule 56.** Even assuming *arguendo* the merit of such a defense claim under Rule 12(c), plaintiff's motion is both proper and timely under Rule 56. The plain text of Rule 56(a) explicitly authorizes this and states that a plaintiff -

> may, *at any time* after the expiration of 20 days from the commencement of the action ... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(emphasis added). It is undisputed that more than 20 days have elapsed since this action was commenced. Accordingly, plaintiff's motion also is proper under Rule 56.

**E. The Remaining Defense Claims Are Equally Without Merit.** First, as discussed above, all of the defense claims for additional time to respond to plaintiff's motion ring hollow in light of their demonstrated efforts at forum shopping and playing fast and lose with its disclosures to the Court.

Second, as pointed out earlier in D.I. 16 at 5, the defendants have been preparing for this constitutional briefing since January 25, 2007. A review of the appendix found in the current briefing will show that defense counsel actually testified on the constitutional issues before the General Assembly earlier this year. (D.I. 29 at A162-177, A178-186). Yesterday they even filed

a four page legal memo in state court on some of the constitutional issues.

Defendants assert their large law firms will have to read 84 cases to write their brief. (D.I. 34 at 4).[1]  Yes they will and that is the burden of litigation which all attorneys carry. Fortunately, defense counsel publicly bill themselves as "one of Delaware's largest law firms" (see www.ycst.com (visited on Oct. 24, 2007)), and so are no doubt up to the challenge.  As noted, they have had more than sufficient time to do all their legal research and read all the cases.  As evidenced above, their real plan of delay and to usurp the authority of this Court is self- evident.

**F.  Conclusion.**  The defense motions should be denied and the Answering Brief on the constitutional issues should be filed on time on October 30th, when they agree it is due.  (D.I. 34 at ¶ 1).  Otherwise, severe sanctions should be imposed under the Rules pursuant to the inherent authority of the Court for these litigation tactics, failure to comply with the Rules, and lack of candor with the Court.[2]  Justice delayed will be justice denied in this case if [REDACTED] before his eventual trial date.  See Bhatangar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1228 (3d Cir. 1995) (noting the "well-worn but nevertheless truthful aphorism that 'justice delayed is justice denied.'").

---

[1] Given that the U.S. Supreme Court has clearly and consistently ruled since 1885 that retroactively statute of limitations legislation, such as the Act, does not violate the U.S. Constitution, it is not surprisingly that 84 cases from 35 different courts have recognized this fact.

[2] They also plainly have ignored the Court's well known standing Order found on its website governing emergency requests and emails.

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Thomas S. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        **RAEANN WARNER, ESQ. (#4931)**
        Two East Seventh Street, Suite 302
        Wilmington, DE  19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com
        RW@NeubergerLaw.com

        **ROBERT JACOBS, ESQ. (#244)**
        **THOMAS C. CRUMPLAR, ESQ. (#942)**
        **JACOBS & CRUMPLAR, P.A.**
        Two East Seventh Street, Suite 400
        Wilmington, DE 19801
        (302) 656-5445
        Bob@JandCLaw.com
Dated: October 24, 2007        Tom@JandCLaw.com

**CERTIFICATE OF SERVICE**

I, Raeann Warner, being a member of the bar of this Court do hereby certify that on November 6, 2007, I electronically filed this Pleading with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Anthony G. Flynn, Esquire
>Young Conaway Stargatt & Taylor LLP
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>aflynn@ycst.com
>
>Mark Reardon, Esquire
>Elzufon Austin Reardon Tarlov & Mondell
>300 Delaware Avenue, Suite 1700
>P.O. Box 1630
>Wilmington, DE 19899
>mreardon@elzufon.com
>
>Stephen P. Casarino, Esquire
>Casarino Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>scasarino@casarino.com

>/s/ Raeann Warner
>**RAEANN WARNER, ESQ.**

/ Quill, Robert / Pleadings /Response in Opp to D's Emergency Motion- Redacted.final.wpd

# Tab A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JENNIFER M. KINKUS
DIRECT DIAL: (302) 571-6722
DIRECT FAX: (302) 576-3455
jkinkus@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

October 17, 2007

**VIA E-FILE AND FIRST CLASS MAIL**

The Honorable Robert B. Young
Superior Court
Kent County Courthouse
38 The Green
Dover, DE 19901

   Re: *Whitwell v. Catholic Diocese of Wilmington, Inc., et al.*
    C. A. No. 07C-08-006 (RBY)

Dear Judge Young:

  As counsel for defendants Catholic Diocese of Wilmington, Inc. and Bishop Saltarelli, I write this letter on behalf of all defendants who have appeared in the above-captioned case ("Defendants").* Currently, Defendants' responses to the First Amended Complaint are due on Tuesday, October 23, 2007. In lieu of filing answers, each of the Defendants will be filing individual motions to dismiss pursuant to Civil Rule 12. The individual motions will raise different grounds, including, but not limited to, the constitutionality of 10 DEL. C. § 8145, *res judicata*, lack of personal jurisdiction, and the personal liability of Bishop Saltarelli.

  As I am sure Your Honor is aware, this case involves a number of issues that are both complex and novel. This will be reflected in the motions to dismiss, which will address unusual issues such as the constitutionality of a statute and *res judicata*. The Defendants submit that the issues to be presented in their motions to dismiss cannot be fully analyzed in the standard four-page motion and four-page response permitted by Superior Court Rule 78(b). Therefore, the Defendants respectfully request that Your Honor permit full briefing in accordance with Superior Court Rule 107, pursuant to the proposed Order Setting Forth the Briefing Schedule attached hereto.

  The Defendants also submit that, while these potentially case-dispositive motions are pending, a stay of discovery should be entered to conserve the resources of the parties and the Court. I contacted Plaintiff's counsel on behalf of the Defendants in an attempt to agree upon a joint proposed briefing schedule which included a provision staying discovery, but Plaintiff's counsel would not agree to stay discovery during the pendency of the motions. Therefore, the Defendants will also be filing a Motion to Stay Discovery with their Motions to Dismiss on October 23, 2007.

---

\* In this letter the term "Defendants" includes all defendants except Rev. Edward Smith. Plaintiff moved for a default judgment against Fr. Smith and the hearing is scheduled for Friday, October 19, 2007.

DB02:6271115.1                                    059604.1013

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Page 2

       For these reasons, Defendants respectfully request that Your Honor approve their request for briefing and enter the attached proposed Order Setting Forth the Briefing Schedule.

       If Your Honor has any questions, counsel are available at the convenience of the Court.

Respectfully submitted,

Jennifer M. Kinkus

JMK/lbc
Enclosure
cc:   Prothonotary (via eFile)
      Mark L. Reardon, Esq. (via eFile)
      William M. Kelleher, Esq. (via eFile)
      Michael O'Mara, Esq. (via email)
      John D. Balaguer, Esq. (via eFile)
      Robert Jacobs, Esq. (via eFile)
      Thomas S. Neuberger, Esq. (via eFile)
      Stephen J. Neuberger, Esq. (via eFile)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| Commander KENNETH J. WHITWELL, U.S. Navy,<br><br>    Plaintiff,<br><br>v.<br><br>ARCHMERE ACADEMY, INC., a Delaware corporation; PREMONSTRATENSIAN FATHERS, INC., a Wisconsin corporation; THE NORBERTINE FATHERS OF DELAWARE, INC., a Delaware corporation; THE NORBERTINE FATHERS, INC., a Pennsylvania corporation; Rev. EDWARD J. SMITH, Individually and in his official capacity; CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; Rev. MICHAEL A. SALTARELLI, in his official capacity,<br><br>    Defendants. | C.A. No. 07C-08-006-RBY<br><br>JURY OF TWELVE DEMANDED |

### ORDER SETTING FORTH BRIEFING SCHEDULE

IT IS HEREBY ORDERED, this ____ day of October, 2007, that briefing on Defendants' Motions to Dismiss, which will be filed on October 23, 2007, will be completed in accordance with the following schedule pursuant to Superior Court Civil Rule 107:

| | |
|---|---|
| Defendants' Opening Briefs | Wednesday, November 21, 2007; |
| Plaintiff's Answering Brief | Thursday, December 20, 2007; |
| Defendants' Reply Briefs | Friday, January 4, 2008. |

_____
Judge Robert B. Young