**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT QUILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 07-435 SLR |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CATHOLIC DIOCESE OF WILMINGTON, ) | |
| INC., a Delaware corporation; ) | |
| ST. ELIZABETH'S CATHOLIC CHURCH, ) | |
| a Delaware corporation; ) | |
| Rev. FRANCIS G. DELUCA, individually and ) | |
| in his capacity; and ) | |
| Rev. MICHAEL A. SALTERELLI, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**REVEREND FRANCIS G. DELUCA'S AMENDED
ANSWER TO THE AMENDED COMPLAINT**

1. Denied.

## I. JURISDICTION

2. The defendant admits diversity of jurisdiction. He has insufficient information to admit or deny the value of the case.

3. The defendant has insufficient information to admit or deny the averment.

## II. THE PARTIES

4. The first three sentences are admitted. The last sentence is denied..

5. The defendant has insufficient information to admit or deny the averment.

6. The defendant has insufficient information to admit or deny the averment.

7. The first two sentences are admitted. The balance of the averment is denied.

8. Denied.

9. The first sentence is admitted. Defendant has insufficient information to admit or deny

        the balance of the averment.

10. Denied.

11. Defendant has insufficient information to admit or deny the averment.

12. The first sentence is denied. Defendant has insufficient information to admit or deny the balance of the averment.

13. Defendant has insufficient information to admit or deny the averment.

14. Denied.

### III.  FACTS GIVING RISE TO THE ACTION

15 through 35.   The defendant has insufficient information to admit or deny these averments.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendant has insufficient information to admit or deny the averment.

41. Denied.

42. Denied.

43. Defendant has insufficient information to admit or deny the averment.

44. Denied.

45. Denied.

46. Denied as stated.

47. Denied as stated.

48. Denied as stated.

49. Denied.

50. Denied.

51. Denied.

52. The first sentence is admitted. The balance of the averment is denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Admitted.

60. Defendant has insufficient information to admit or deny the last sentence. The balance of the averment is admitted.

61. It is admitted that the plaintiff graduated in 1978. Defendant has insufficient information to admit or deny the balance of the averment.

62. Admitted.

63. Admitted.

64. Defendant has insufficient information to admit or deny the averment.

65. Defendant has insufficient information to admit or deny the averment.

66. Defendant has insufficient information to admit or deny the averment.

67. Admitted.

68. Denied.

69. Defendant has insufficient information to admit or deny the averment.

70. Defendant has insufficient information to admit or deny the averment.

71. Defendant has insufficient information to admit or deny the averment.

72. Denied.

73. Defendant has insufficient information to admit or deny the averment.

74. Denied.

75. Denied.

76. Denied.

77. Defendant has insufficient information to admit or deny the averment.

78. It is admitted that the defendant was transferred to St. Elizabeth's in 1966. The balance of the averment is denied.

79. Denied.

80. Denied.

81. Denied.

82. Defendant has insufficient information to admit or deny the averment.

83. Defendant has insufficient information to admit or deny the averment.

84. Defendant has insufficient information to admit or deny the averment.

85. Defendant has insufficient information to admit or deny the averment.

86. Defendant has insufficient information to admit or deny the averment.

87. Admitted.

88. Admitted.

89. It is admitted that the plaintiff was an alter boy at St. Elizabeth's High School. The last sentence is admitted. The balance of the averment is denied.

90. The defendant has insufficient information to admit or deny the averment.

91. The last sentence is admitted. The balance of the averment is denied.

92. Denied.

93. Admitted.

94. <u>Denied.</u>

95. Denied.

96. Denied.

97. Denied.

98. Defendant has insufficient information to admit or deny the averment.

99. Denied.

100. It is admitted that the defendant moved to Syracuse, New York. It is further admitted that

    he was arrested for various violations involving sexual conduct. It is admitted that he pled

    guilty to three charges. The balance of the averment is denied.

101. Defendant has insufficient information to admit or deny the averment.

102. Defendant has insufficient information to admit or deny the averment.

103. Defendant has insufficient information to admit or deny the averment.

104. Defendant has insufficient information to admit or deny the averment.

105. Defendant has insufficient information to admit or deny the averment.

106. Defendant has insufficient information to admit or deny the averment.

107. Defendant has insufficient information to admit or deny the averment.

108. Denied.

109. Defendant has insufficient information to admit or deny the averment.

110. Defendant has insufficient information to admit or deny the averment.

111. Defendant has insufficient information to admit or deny the averment.

112. Defendant has insufficient information to admit or deny the averment.

113. Defendant has insufficient information to admit or deny the averment.

114. Defendant has insufficient information to admit or deny the averment.

115. Defendant has insufficient information to admit or deny the averment.

116. Defendant has insufficient information to admit or deny the averment.

## COUNT I

117. Defendant repeats answers to paragraphs 1 through 116.

118. Denied.

119. Denied.

120. Denied.

## COUNT II

121. Defendant repeats answers to paragraphs 1 through 120.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## COUNT III

127. Defendant repeats answers to paragraphs 1 through 126.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

## COUNT IV

135. Defendant repeats answers to paragraphs 1 through 134.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

## COUNT V

141. Defendant repeats answers to paragraphs 1 through 140.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

## COUNT VI

149. Defendant repeats answers to paragraphs 1 through 148.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

## COUNT VII

155. Defendant repeats answers to paragraphs 1 through 154.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

## COUNT VIII

161. Defendant repeats answers to paragraphs 1 through 160.

162. Defendant has insufficient information to admit or deny the averment.

163. Defendant has insufficient information to admit or deny the averment.

164. Defendant has insufficient information to admit or deny the averment.

165. Defendant has insufficient information to admit or deny the averment.

166. Defendant has insufficient information to admit or deny the averment.

167. Denied.

168. Denied.

169. Denied.

170. Defendant has insufficient information to admit or deny the averment.

171. Defendant has insufficient information to admit or deny the averment.

172. Defendant has insufficient information to admit or deny the averment.

173. Defendant has insufficient information to admit or deny the averment.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

## **AFFIRMATIVE DEFENSES**

184. The action is barred by the statute of limitations.

185. The court has no jurisdiction to hear the case. Sole jurisdiction is with the Superior Court of the State of Delaware.

186. Paragraphs 15 through 25 of the complaint should be stricken because it contains immaterial and impertinent matters.

187. All averments relating to subsequent conduct of defendant should be stricken.

188. The "Child Victims Act," 10 Del. C. §8145 violates the Delaware Constitution and the United States Constitution.

189. Application of the "Child Victims Act," 10 Del. C. §8145 under the circumstances in this case is barred by state and federal constitutional provisions.

                                              CASARINO, CHRISTMAN & SHALK, P.A.

                                              /s/ Stephen P. Casarino
                                            STEPHEN P. CASARINO, ESQ
                                            I.D. No. 174
                                            800 N. King Street, Suite 200
                                            Wilmington, DE 19899-1276
                                            (302) 594-4500
Dated: November 26, 2007                 Attorney for Defendant Rev. Francis G. Deluca

**CERTIFICATE OF SERVICE**

I, Stephen P. Casarino, Esq., hereby certify that I have caused to be deposited in the mailbox at 800 North King Street, Suite 200, Wilmington, DE 19801, on this 26th day of November 2007, a true and correct copy of the attached Defendant DeLuca's Answer to the Amended Complaint to:

Thomas S. Neuberger, Esq.
The Neuberger Firm, P.A.
Two East Seventh Street
Suite 302
Wilmington, DE 19801

Robert Jacobs, Esq.
Jacobs & Crumplar, P.A.
Two East Seventh Street
Suite 400
Wilmington, DE 19801

Anthony G. Flynn, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Mark L. Reardon, Esq.
Ezlufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Mary E. Sherlock, Esquire
8 The Green, Suite 4
Dover, De 19901

CASARINO, CHRISTMAN & SHALK, P.A.


 /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQ
I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19899-1276
(302) 594-4500
Attorney for Defendant Rev. Francis G. Deluca