IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT QUILL, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-435-SLR |
| | 07-435 SLR |
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; ST. ELIZABETH'S CATHOLIC CHURCH, a Delaware corporation; Rev. FRANCIS G. DELUCA, individually and in his official capacity; and Rev. MICHAEL A. SALTARELLI, in his official capacity, | : Jury Trial Demanded |
| Defendants. | : |

## RULE 16 SCHEDULING ORDER

At Wilmington this 12/13 day of 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed.R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

   (a) Discovery will be needed on the following subjects:

   Plaintiff's Statement:

   1. Internal operations and policies.

   2. Procedures for retaining records and information.

   3. Procedures for handling alleged misconduct by Priests.

4. All internal processes and prerequisites for ordaining, training, supervising and retaining priests.

5. All internal processes and prerequisites for hiring, training, supervising and retaining teachers.

5. Internal Organizational Structures.

6. Personnel and Medical Files of Francis G. DeLuca.

7. Notice or Knowledge of Francis G. DeLuca's misconduct.

8. Breach of Duties to Plaintiff.

9. Records, actions, or decisions of the Defendants concerning priest misconduct.

10. Contractual or quasi-contractual duties between defendants and plaintiffs' parents.

11. Insurance Policies and Coverage.

12. Elements of compensatory damages.

13. Elements of punitive damages.

Statement of Defendant Catholic Diocese of Wilmington, Inc.:

1. Plaintiff's background, and his personal, educational, employment and health history.

2. Plaintiff's military record.

3. Plaintiff's medical records and current course(s) of treatment.

4. Plaintiff's contacts with Fr. DeLuca, including witnesses to such contacts.

2

5. The alleged contacts of plaintiff's family with Fr. DeLuca, including witnesses to such contacts.

6. The factual basis for plaintiff's testimony to the Delaware General Assembly in support of the Child Victim's Act, including, without limitation, the purported civil suits filed against Fr. DeLuca in 1958 in Indiana and in Eastern Maryland in 1960.

7. The factual basis for the purported agency relationship between Fr. DeLuca and the Diocese.

8. The factual basis for the purported fiduciary relationships between and among plaintiff and his parents, Fr. DeLuca, the Diocese and Defendant St. Elizabeth's Catholic Church ("St. Elizabeth's").

8. The factual basis for the purported contractual relationship between plaintiff's parents and the Diocese and St. Elizabeth's, and the alleged breaches of such contracts.

10. The alleged foreknowledge of St. Elizabeth's of the prior misconduct of Fr. DeLuca.

11. Actions taken by St. Elizabeth's to supervise Fr. DeLuca.

12. The alleged memory repression or traumatic amnesia suffered by plaintiff.

13. Plaintiff's injuries, and his alleged pecuniary and non-pecuniary damages.

### Statement of Defendant St. Elizabeth's Catholic Church:

1. St. Elizabeth's adopts the Areas of Discovery enumerated by Defendant Catholic Diocese of Wilmington, Inc.

     2. The alleged foreknowledge of the Diocese of the prior misconduct of Fr. DeLuca.

     3. Actions taken by the Diocese to supervise and place Fr. DeLuca.

     4. The purported agency relationship between Fr. DeLuca and St. Elizabeth's.

     5. The extent of plaintiff's injuries and the proximate cause, if any, from the actions of St. Elizabeth's.

  (b) All **fact** discovery shall be commenced in time to be completed by **May 30, 2008**.

  (c) Maximum of **25** interrogatories by each party to any other party.

  (d) Maximum of **50** requests for admission by each party to any other party.

  (e) Maximum of **15** depositions by plaintiff and **15** depositions by all the defendants, except experts.

  (f) With the exception of the parties, each deposition will be limited to a maximum of **7** hours unless extended by agreement of the parties.

  (g) Reports under Rule 26(a)(2) from experts retained **by plaintiff** due by **April 11, 2008**. Reports under Rule 26(a)(2) from experts retained **by any defendant** due by **May 16, 2008**. Rebuttal expert reports due by **June 6, 2008**. Plaintiff will make himself available for examination by a defense expert following service of his Rule 26(a)(2) reports and prior to April 26, 2008. **Any depositions of expert witnesses shall be conducted during the period July 7-18, 2008, unless otherwise agreed by the parties.**

  (h)(1) **Discovery Disputes.** Any discovery disputes shall be submitted to the court pursuant to Fed. R. Civ. P. 37. No motions to compel or motions for protective order shall

be filed absent approval from the court following a discovery conference. The court shall conduct an in-person discovery status conference on February 11, 2008, from 4:30 p.m. to 5:30 p.m., the time to be allocated equally between the plaintiff and the defendants. Any discovery dispute which arises prior to February 11, 2008, for which a party seeks relief, shall be submitted to the court during the conference on that date. Subsequent discovery status conferences shall be scheduled by the court, at which parties may seek relief regarding discovery disputes which arise following the initial conference. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

(h)(2) **Confidentiality Order Regarding Plaintiff's Medical Records.** Subject to the provisions of a subsequent confidentiality order to be issued by the Court, until further Order the Court hereby Orders that all medical records relating to the medical condition of plaintiff in the past or at present, and all expert reports relating thereto are to be Sealed and treated as Highly Confidential for the eyes of the attorneys and experts for the parties only. No reference to the contents of those records is to be made in any public pleading or in open Court without further order of the Court.

3. **Joinder of other Parties, Amendment of the Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before **January 11, 2008**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **June 6, 2008**. Briefing shall be pursuant to D. Del. LR

7.1.2. <u>**Any answering brief shall be served and filed on or before June 20, 2008. Any reply brief shall be served and filed on or before June 27, 2008.**</u> No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motions shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine and *Daubert* Motions.** All motions in limine and *Daubert* motions shall be filed on or before <u>**August 4, 2008**</u>. All responses to said motions shall be filed on or before <u>**August 11, 2008**</u>.

8. **Pretrial Conference.** A pretrial conference will be held on <u>**August 18, 2008**</u> at <u>**4:30 p.m.**</u> in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a <u>**9-day**</u> jury trial commencing on <u>**August 25, 2008**</u> in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of ~~49~~ 5 hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE