**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT QUILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: 07-435 SLR |
| v. | ) |
| | ) |
| CATHOLIC DIOCESE OF WILMINGTON, | ) |
| INC., a Delaware corporation; | ) |
| ST. ELIZABETH'S CATHOLIC CHURCH, | ) |
| a Delaware corporation; | ) |
| Rev. FRANCIS G. DELUCA, individually and | ) |
| in his capacity; and | ) |
| Rev. MICHAEL A. SALTERELLI, in his | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR PROTECTIVE ORDER

The defendant Francis G. DeLuca moves the court, pursuant to Rule 26 (c) for a protective order relating to the deposition of Fr. DeLuca. Defendant requests the court to order that the deposition be taken in the jurisdiction where Fr. DeLuca resides, or in the alternative to compel the plaintiff to pay the cost of Fr. DeLuca to come to Delaware for his deposition. Defendant further requests the court to defer the deposition until such time as Fr. DeLuca is mentally capable of being deposed.

CASARINO, CHRISTMAN & SHALK, P.A.

/s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQ
I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19899-1276
(302) 594-4500
Attorney for Defendant Rev. Francis G. Deluca

Dated: January 2, 2008

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT QUILL, | ) |
| | ) |
| Plaintiff, | ) |
| | )  C.A. No.: 07-435 SLR |
| v. | ) |
| | ) |
| CATHOLIC DIOCESE OF WILMINGTON, | ) |
| INC., a Delaware corporation; | ) |
| ST. ELIZABETH'S CATHOLIC CHURCH, | ) |
| a Delaware corporation; | ) |
| Rev. FRANCIS G. DELUCA, individually and | ) |
| in his capacity; and | ) |
| Rev. MICHAEL A. SALTERELLI, in his | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I..  Background - Default Judgment

After Fr. DeLuca had been served he contacted the undersigned to see if I would represent him. I then contacted Thomas Neuberger and informed him that I had been contacted by Fr. DeLuca but could not file an Answer until such time as Fr. DeLuca was out of jail. Fr. DeLuca had just been sentenced in the state of New York. I asked Mr. Neuberger if he wanted an Answer filed with a general denial or if he would wait until Fr. DeLuca was released from jail so I could confer with him before filing an answer. Mr. Neuberger agreed that an Answer did not have to be filed until such time as I could meet with Fr. DeLuca.

I was on vacation in Mexico the week of October 15, 2007 and when I returned learned that contrary to the agreement entered into, Mr. Neuberger had obtained a default judgment against Fr. DeLuca. When Mr. Neuberger was called to explain why and he had reneged on the agreement, he indicated that he wanted to get the case moving, called my office and since I wasn't in decided he would obtain a default. I intended to file a motion to open the default but deferred because the court

deferred motions until the conference on November 14, 2007.

At that conference, I brought to the court's attention the default judgment that had been entered and because of the agreement asked if Mr. Neuberger would waive the default. I represented that Fr. DeLuca was out of jail and that I had conferred with him. I also represented that Fr. DeLuca is around, he's alive, "he's not in good health. But he can - be deposed fairly quickly." There was no discussion whether the deposition would take place in Delaware or anywhere else. That matter was not discussed. Mr. Neuberger indicated that he would agree to lift the default judgment if Fr. DeLuca could be deposed in the near future. "We would hope in December or in January that we could depose him down here and then we just hope that - well, we would expect that Mr. Casarino would produce any Rule 26 documents shortly before the deposition." No response was made because Mr. Neuberger started talking about something else. At the conclusion of the conference the court asked Mr. Neuberger if the motion for default would be withdrawn and he responded that he would, "we'll come up with whatever stipulation is necessary your honor."

Subsequently, the deposition of Fr. DeLuca was noticed for December 20 and 21, 2007. Shortly after noticing it, Mr. Neuberger called the undersigned and asked if the deposition was really going to go forward. I advised probably not but to keep it on the calendar until there was an opportunity to discuss it thoroughly with Fr. DeLuca.

Subsequently, Fr. DeLuca advised that he had been seen by his doctor who diagnosed depression and prescribed an antidepressant and did not think it was a good idea for him to be deposed at this time. That information was then given to Mr. Neuberger. When Mr. Neuberger asked if we could reschedule the deposition promptly, I advised that we should probably wait until he got a feel for Fr. DeLuca's treatment in order to see if a deposition would be meaningful. It is my experience that depositions of depressed people are not very productive. At that time, I also

asked Mr. Neuberger if he intended to pay Fr. DeLuca's trip to Delaware. Mr. Neuberger said he would not and that he would re-notice the deposition and that if I wanted to stop it I should file for a protective order. At no time, did I indicate that Fr. DeLuca refused to be deposed but to the contrary that he only wanted to have his deposition deferred based upon his recent treatment for depression.

Subsequently, Mr. Neuberger sent a letter to the court. Upon receipt of that letter the undersigned dictated a response. However, before the court received the response, it issued an order requiring Fr. DeLuca to be deposed in Delaware on or before January 15, 2008.

## II.    Background: Fr. DeLuca

Fr. DeLuca is 78 years old. He is a resident of Syracuse, New York and has lived there since 1993. He currently lives alone in an apartment.

Fr. DeLuca has limited income. He receives a pension of approximately $1,766 per month from the Diocese. In addition he receives Social Security benefits of approximately $379 per month. From that he must pay his rent and all other expenses.

Even though Fr. DeLuca has a driver's license and a car, he does not drive long distances. He will not drive on a highway and cannot drive from his home to Delaware. In order for him to come to Delaware for a deposition he must take public transportation.

Fr. DeLuca suffers from hypertension, a thyroid problem and a prostate problem. He is taking three separate medications for his hypertension and medication for his thyroid. He also suffers from neck and back problems and occasionally sees a chiropractor.

He has been treated by Dr. Richard L. Hehir, M.D. in Syracuse, New York for the past 10 years or so. Dr. Hehir recently diagnosed him with depression and has put him on Lexapro. Enclosed hereto is a report from Dr. Hehir indicating that Fr. DeLuca should not be deposed at this

time as a result of his depression.

### III.  Points of Law

Upon the showing of good cause, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c). "The decision whether to enter a protective order is within the court's discretion." <u>Auto Club Family Insurance v. Provosty</u>, 2006 WL 2568054 (E.D.La) citing <u>Thomas v. Int'l Bus. Mach</u>., 48 F3rd 478,482 (10th Circ. 1995). "The time and place for the taking of the deposition must also be reasonable." 7 Moore's Federal Practice, Section 30.20[1](Matthew Bender 3rd Edition). "The court is permitted to exercise broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses." <u>Turner v. Prudential Insurance Co. of America</u>, 119FRD 492, 495 (M.D. N.C. 1988).

In general, there is a presumption that the defendant's deposition will be held in the district of the defendant's residence. <u>Traynor v. Liu</u>, 495 F Supp.2d 449(D. Del 2007), (W.D. N.Y. 2004); <u>Drongosky v. Flynn</u>, 2004 WL 941646; <u>Denenberg v. Ruder</u>, 2006 WL 1795162 (D. Neb. 2006); <u>O'Sullivan v. Rivera</u>, 229 F.R.D. 187(D.N.M. 2004)

In <u>Ice Corp. v. Hamilton Sundstrand Corp.</u>, 2007 WL 4334918 (D. Kan 2007), the court noted that the plaintiff who brings the lawsuit exercises his choice of the forum. The defendant on the other hand is not before the court by choice. Thus, there is a general presumption that a defendant's deposition will be held in the district where the defendant resides. The burden of deviating from this presumption is on the plaintiff. In exercising the presumption the court should take into account such factors as cost and convenience. In <u>Dwyer v. Deutche Lufthansa</u>, 2007 WL 526606 (E.D. N.Y. 2007), the court also stated the presumption that a defendant's deposition should be taken in the jurisdiction of his residence. The court said it should look also at other factors such

as the cost, convenience and litigation efficiency. Likewise, in *Druck Corp. v. Macro Fund (US) Ltd.*, 2005 WL 1949519 (S.D. N.Y. 2005), the court also said to overcome the presumption the court should look as to whether the plaintiff was constrained to file the lawsuit in a jurisdiction other than where the plaintiff resided, the cost, the inconvenience of the defendant and litigation efficiency.

In the present case, it is submitted that the court should not deviate from the general recognized presumption. The defendant has been a resident of New York for 14 years and the action could have been brought against him in New York where he resides. The defendant has a limited income and is on pension and Social Security.

It is inconvenient for the defendant to come to Delaware. He does not have the financial means to pay for a airline ticket and he does not have the ability to drive. If he comes to Delaware he must stay in a hotel or motel. Although it is conceded that for litigation efficiency, it is generally best to have depositions in the jurisdiction where the action is filed, the efficiency can be overcome by merely having the plaintiff compensate Fr. DeLuca for coming to Delaware. The courts have commonly required plaintiffs to pay the reasonable costs incurred by a party's coming to the forum jurisdiction. *Fed Deposit Insurance Co. v. La Antillana*, 199 WL 155727 (S.D. N.Y). Other alternatives are available as well. A video conference deposition could be arranged with Fr. DeLuca remaining in New York and plaintiff's counsel in Delaware.

Father DeLuca is currently suffering from depression. See report of Dr. Hehir, attached hereto. Dr. Hehir does not believe a deposition is appropriate due to Fr. DeLuca's mental state. Defendant request the deposition be deferred for 30 days to see if Fr. DeLuca responds to treatment.

In *Medlin v. Andrew*, 113 FDR 650 (M.D. N.C. 1987) the court held that a deposition of a plaintiff for mental conditions could be deferred. The court noted that the plaintiff came forward with evidence that her health might be impaired by the deposition. The court found that she had met

her burden to receive a brief stay but if she required a substantial stay then further evidence would be necessary concerning her medical condition. Likewise, *IN RE: McCorhill Publishing Inc*., 12 Fed. R. Serv 3rd 454 (SD N.Y. 1988) the court stated that if an oral deposition would pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order. A letter from the psychiatrist indicating that the plaintiff was anxious and disoriented was sufficient for the court to issue a brief stay.

        Respectfully submitted,

        /s/ Stephen P. Casarino
        STEPHEN P. CASARINO, ESQ
        CASARINO, CHRISTMAN & SHALK, P.A.
        I.D. No. 174
        800 N. King Street, Suite 200
        Wilmington, DE 19899-1276
        (302) 594-4500

Dated: January 2, 2008        Attorney for Defendant Rev. Francis G. Deluca

## **CERTIFICATE OF SERVICE**

I, Stephen P. Casarino, Esq., hereby certify that I have caused to be deposited in the mailbox at 800 North King Street, Suite 200, Wilmington, DE 19801, on this 2nd day of January 2008, a true and correct copy of the attached Defendant DeLuca's Motion for Protective Order to:

Thomas S. Neuberger, Esq.
The Neuberger Firm, P.A.
Two East Seventh Street
Suite 302
Wilmington, DE 19801

Robert Jacobs, Esq.
Jacobs & Crumplar, P.A.
Two East Seventh Street
Suite 400
Wilmington, DE 19801

Anthony G. Flynn, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Mark L. Reardon, Esq.
Ezlufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Mary E. Sherlock, Esquire
8 The Green, Suite 4
Dover, De 19901

                                  CASARINO, CHRISTMAN & SHALK, P.A.

                                  /s/ Stephen P. Casarino
                                STEPHEN P. CASARINO, ESQ
                                I.D. No. 174
                                800 N. King Street, Suite 200
                                Wilmington, DE 19899-1276
                                (302) 594-4500
                                Attorney for Defendant Rev. Francis G. Deluca

PRACTICE LIMITED TO INTERNAL MEDICINE                                                      BY APPOINTMENT

*Richard L. Hehir, M.D., F.A.C.P.*
600 EAST GENESEE STREET, SUITE 230
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 422-6652
FAX (315) 476-2946

December 10, 2007

Stephen E. Casarino
Attorneys at Law
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

Re: Reverend Francis Deluca
DOB: 08/01/29

Dear Mr. Casarino,

Father Deluca is a patient of mine. He has most recently been suffering from depression. I have started him on the medication Lexapro 10 mg once a day as of this date.

I do not think in his present mental state of mind it would be appropriate for him to give a deposition, but if I can supply any further information, please do not hesitate to let me know.

Sincerely,

*[signature]*

Richard L. Hehir, M.D.

RLH/jzc/pmmi/27636205