IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT QUILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-435-SLR |
| | ) |
| CATHOLIC DIOCESE OF | ) |
| WILMINGTON INC., ST. ELIZABETH'S | ) |
| ROMAN CATHOLIC CHURCH, REV. | ) |
| FRANCIS G. DELUCA, and | ) |
| REV. MICHAEL A. SALTARELLI, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23L day of January, 2008, having considered defendants' motions to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that said motions (D.I. 20, 25) are denied for the reasons that follow:

1. **Background.** Plaintiff Robert Quill ("Quill") filed this diversity action pursuant to the Child Victim's Act, 10 Del. C. § 8145 (the "Act"), seeking monetary damages for personal injuries arising from child sexual abuse committed from 1968 through 1975 by defendant Rev. Francis G. DeLuca ("DeLuca").[1] (D.I. 1, 11) Also named as defendants are the Catholic Diocese of Wilmington ("Diocese"), St. Elizabeth's Catholic Church (St.

---

[1] Plaintiff also raises claims under Delaware common law with respect to at least 300 acts of childhood sexual abuse based upon the recovery of repressed memories and the filing of the action within two years of that discovery. These claims are not implicated by the motions at bar.

Elizabeth's") and Rev. Michael Saltarelli ("Saltarelli").[2]

2. Defendants contend that the Act mandates that claims be filed in the Superior Court of the State of Delaware. (D.I. 22) While defendants concede that the Act's legislative intent is silent, they suggest that judicial economy and the unique nature of the Act are reasons for the language mandating filing in state court.

3. Plaintiff responds that the action was properly filed in this court based on diversity jurisdiction and limiting actions pursuant to the Act to state court would violate the Supremacy Clause of the United States Constitution.[3] (D.I. 30)

4. **Standard of Review**. In considering a motion to dismiss under R. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, --- U.S. ----, 127 S. Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2]Saltarelli is no longer a defendant in this action, the parties having stipulated to his dismissal with prejudice on January 23, 2008. (D.I. 76)

[3]Plaintiff, a Florida citizen, brought suit against Delaware citizen defendants alleging damages in excess of $75,000. (D.I. 1, 11)

Id. at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).

    5.  The Child Victim's Act provides in part:

> A cause of action based upon the sexual abuse of a minor child by adult may be filed in the Superior Court of this State at any time following the commission of the act or acts that constituted the sexual abuse. A civil cause of action for sexual abuse of a minor shall be based upon sexual acts that would constitute a criminal offense under the Delaware Code.

10 Del. C. § 8145(a).  The Act retrospectively creates a two year window within which claims may be brought for past child abuse actions which had been previously barred by the prior statute of limitations.  § 8145(b).

    6.  **Discussion.**  Plaintiff has properly invoked the court's jurisdiction pursuant to 28 U.S.C. § 1332.  Although the Superior Court is identified as a forum for such actions, there is nothing in the text or legislative history to suggest that the Delaware General Assembly intended to preclude federal courts from considering diversity actions brought under the Act.  (D.I. 29, 30)

                                                    /s/ Sue L. Robinson
                                                   United States District Judge