IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT QUILL, | : |
| Plaintiff, | : |
| v. | : C.A.No. 07-435-SLR |
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware corporation; ST. ELIZABETH'S CATHOLIC CHURCH, a Delaware corporation; and Rev. FRANCIS G. DELUCA, individually and in his official capacity, | : |
| Defendants. | : |

**PLAINTIFF'S BENCH MEMO ON THE ISSUE OF WHY DEFENDANT DELUCA MAY NOT INVOKE THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION**

As has occurred in all of the sister cases thus far, plaintiff reasonably anticipates that defendant DeLuca will refuse to answer deposition questions about his many years of sexually abusing plaintiff in the late 1960's and early 1970's and will instead invoke the Fifth Amendment privilege against self-incrimination during his deposition tomorrow and Wednesday. Accordingly, plaintiff submits this bench memo to aid the Court in deciding the issue.

**A. The Basics.** The Fifth Amendment privilege against self-incrimination is coextensive with the self-incrimination protections of Article I, Section 7 of the Delaware Constitution.[1] The privilege "protects against any disclosures which the witness reasonably believes could be used in

---

[1] See WSFS v. Tucker, 1986 WL 3136 (Del.Ch. March 13, 1986) ("Under either Constitution, the privilege is essentially the same."); State v. Wiggins, 2004 WL 440449 (Del.Super. Feb. 24, 2004) ("coextensive"); Rickards v. State, 77 A.2d 199, 204 (Del. 1950) ("substantially the same"); Mumford v. Croft, 93 A.2d 506, 508 n.3 (Del.Super. 1952) ("similar in nature and identical of purpose").

a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. U.S., 406 U.S. 441, 444-45 (1972); see Chavez v. Martinez, 538 U.S. 760, 768 (2003) (must be "a legitimate fear").  Here, there is no reasonable belief or legitimate fear of criminal prosecution because the relevant statutes of limitations in all of the states where DeLuca sexually abused plaintiff - Delaware, New Jersey, Pennsylvania and New York - have long since expired.

**B. The Delaware Abuse.**  Less than two months ago, in December 2007, Judge Scott addressed the identical issue now before this Court.  In Eden v. Oblates of St. Francis DeSales, C.A.No.04C-01-069-CLS (Del.Super. Dec. 14, 2007) (slip op.) (Tab A), the Court held that in a case where "the final act of sexual abuse ... was in 1985," the "then-applicable [criminal] statute of limitations ran in 1990." Id. at 7.[2]  Accordingly, the priest "has no reasonable fear of prosecution and cannot claim the privilege when questioned about matters concerning plaintiff" in Delaware.  Id.[3]  If the statute of limitations for sexual abuse occurring in 1985 has expired, *a fortiori*, it also has expired for the sexual abuse DeLuca inflicted on plaintiff in the late 1960's and early 1970's.

**C. The New Jersey Abuse.**  New Jersey did not add sexual assault to the category of crimes without a statute of limitations until 1996.  See 1996 NJ Sess. Law Serv. Ch. 22 (Assembly 1253) (West).  Prior to that time, only murder and manslaughter fell into that category,

---

[2] As review of the Westlaw Delaware Historical Statutory Databases reveals, the sexual offenses may be prosecuted "at any time" provisions of the current 11 Del.C. § 205(e) were not enacted until 2003.  Prior to that time, the statute required that, depending on the specific offense, these crimes could only be prosecuted two to five years after their occurrence, or two years after they were reported to the police - all of which have long since expired in our present case.  See 11 Del.C. § 205(e) (2002) (current version at 11 Del.C. § 205(e)).

[3] The Superior Court compelled this testimony about abuse in Delaware despite the reasonable fear of criminal prosecution for abusive acts taking place in other states, specifically - Pennsylvania, Virginia, Maryland and North Carolina.  Eden, supra, at 7-8, 11.  The Delaware Supreme Court then denied the defense request to stay the deposition pending interlocutory review (Tab F), and soon after denied the defense application for an interlocutory appeal. (Tab G).

see N.J.S.A. 2C 1-6(a) (1996), and sexual assault had a 5 year statute of limitations. See N.J.S.A. 2C 1-6(b)(1) (1996). Accordingly, like in Delaware, the New Jersey statute has long since expired.[4]

**D. The Pennsylvania Abuse.** Pennsylvania's current statute of limitations allowing criminal charges to be brought until the victim turns 50 was not added until 2006, when Act 2006-179 § 7 amended subsection (c)(3) of 42 Pa.C.S.A. § 5552 (2007). See Historical and Statutory Notes following 42 Pa.C.S.A. § 5552 (2007). Indeed, as review of the Historical Statutory databases reveal, subsection (c)(3) was not even on the books until 1990. Cf. 42 Pa.C.S.A. § 5552 (1990) with 42 Pa.C.S.A. § 5552 (1991). Prior to that time, the statute of limitations was either two years, see 42 Pa.C.S.A. § 5552(a) (1988), or five years, id. at § 5552(b)(1), each of which has long since expired.

**E. The New York Abuse.** In New York, prosecution of most felonies, such as rape, were subject to a five year statute of limitations. See N.Y. C.P.L. 30.10(2)(b) (McKinney 1987); Penal Law § 130.35 (McKinney 1987). Like the rest, this statute also has long since expired.

### Conclusion

Because the criminal statute of limitations has expired in Delaware, New Jersey, Pennsylvania and New York, and cannot be revived,[5] DeLuca has no reasonable fear of criminal prosecution for his actions in those states. Accordingly, plaintiff respectfully requests that the Court Order that DeLuca cannot assert the privilege against self-incrimination in response to

---

[4] In Eden, the defendant conceded that the statute had run in New Jersey and the court ruled the same. Eden, supra, at 7.

[5] The ex post facto clause bars retroactive application of any criminal sex abuse laws with longer statutes of limitations. See, e.g. Eden, supra, at 6; Stogner v. California, 539 U.S. 607, 610-11 (2003); Helman v. State, 784 A.2d 1058, 1076 (Del. 2001).

3

questions concerning his actions in these states.

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, Delaware 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

        **ROBERT JACOBS, ESQUIRE (#244)**
        **THOMAS C. CRUMPLAR, ESQUIRE (#942)**
        **JACOBS & CRUMPLAR, P.A.**
        Two East Seventh Street, Suite 400
        Wilmington, DE 19801
        (302) 656-5445
        Bob@JandCLaw.com
        Tom@JandCLaw.com

Dated: February 4, 2008        Attorneys for Plaintiff

# Tab A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ERIC EDEN,                                       ) | |
|                 Plaintiff,       ) | |
|                              ) | |
|     v.                                        ) | |
|                              ) | C. A. No.: 04C-01-069 CLS |
| OBLATES OF ST. FRANCIS de    ) | |
| SALES; OBLATES OF ST.              ) | |
| FRANCIS de SALES,                     ) | |
| INCORPORATED, a Delaware    ) | |
| corporation; SALESIANUM         ) | |
| SCHOOL, INC., a Delaware        ) | |
| corporation; CATHOLIC DIOCESE ) | |
| OF WILMINGTON, INC., a          ) | |
| Delaware CORPORATION; Rev.   ) | |
| JAMES W. O'NEILL O.S.F.S.; Rev. ) | |
| ROBERT D. KENNEY O.S.F.S.;    ) | |
| Rev. JOSEPH G. MORRISSEY      ) | |
| O.S.F.S.; Rev. MICHAEL A.          ) | |
| SALTARELLI; and Rev. LOUIS S. ) | |
| FIORELLI O.S.F.S.;                      ) | |
|                              ) | |
|                              ) | |
|                 Defendants.   ) | |

*Submitted: December 10, 2007*
*Decided: December 14, 2007*

**MEMORANDUM OPINION**

Thomas S. Neuberger and Stephen J. Neuberger, Esquires, of The Neuberger Firm, P.A., Wilmington, Delaware; Robert Jacobs and Thomas C. Crumplar, Esquires, of Jacobs & Crumplar, Wilmington, Delaware, Attorneys for Plaintiff.

Mark L. Reardon, Esquire, of Elzufon, Austin, Reardon, Tarlov & Mondell, P.A., Wilmington, Delaware, on behalf of Defendants the Oblates of St. Francis de Sales, Salesianum School, Rev. Robert D. Kenney, Rev. Joseph G. Morrissey, and Rev. Louis S. Fiorelli

Anthony G. Flynn, Neilli Mullen Walsh and Jennifer M. Kinkus, Esquires of Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware, on behalf of Defendant the Catholic Diocese of Wilmington

John P. Deckers, Esquire, of Wilmington, Delaware; Thomas P. Bernier, Esquire, of Segal McCambridge Singer & Mahoney, Baltimore, Maryland, on behalf of Defendant Rev. James W. O'Neill

**SCOTT, J**

**Introduction**

In this civil action claiming damages for breach of contract, intentional misrepresentation, conspiracy, assault, battery, and negligence, a defendant has sought to invoke the privilege against self-incrimination found in both the Fifth Amendment of the United States Constitution and Article 1, § 7 of the Delaware Constitution. The Court finds that, where there is no reasonable fear of prosecution because the statute of limitations for criminal prosecution has run, the defendant cannot invoke the privilege against self-incrimination. Additionally, the Court finds that the privilege against self-incrimination does not extend to evidence that may be used in a future trial under Federal Rule of Evidence, 404(b).[1] Accordingly, the defendant may only invoke the privilege against self-incrimination in jurisdictions where he has a reasonable fear of prosecution.

**Background**

In this case, defendant Father O'Neill has been deposed twice. The first time, on September 21, 2004, the scope of the deposition was limited to O'Neill's contact with plaintiff's family members after 1985. O'Neill did not invoke the privilege against self-incrimination at that time. O'Neill filed

---

[1] Delaware has adopted this rule, as have a number of other jurisdictions at issue in this case; however, in terms of applying the right against self-incrimination to the rule, the analysis is the same.

an answer to the complaint but did not invoke any privileges at that time, either.

O'Neill was next deposed on July 10 and July 11, 2007. During this deposition, for the first time, he refused to answer questions by claiming a privilege against self-incrimination. At oral argument, counsel for O'Neill admitted that the privilege was invoked on too broad a scale, but cited a "slippery slope" to waiver of his privilege.[2]

## Discussion

### A. The Privilege Against Self-Incrimination

Delaware law has long recognized that the privilege against self-incrimination can be asserted in a civil setting.[3] The rationale is that almost any crime can also give rise to a civil action, so if the individual is compelled to testify in the civil matter then the constitutional privilege would be "meaningless."[4] Importantly, the individual must have a reasonable fear of criminal prosecution in order to assert the privilege.[5] The

---

[2] For example, the privilege was asserted in response to questions about whether O'Neill was aware he filed an answer to the complaint and whether he agreed with the denials made by his counsel in that document.

[3] *Mumford v. Croft*, 93 A.2d 506, 508 (Del. Super. 1952).

[4] *Id.*

[5] *Bentley v. State*, 930 A.2d 866, 873 (Del. Supr. 2007) citing *Kastigar v. United States*, 406 U.S. 441, 445 (1972).

burden is on the defendant to show the privilege applies.[6] The privilege is to be broadly applied.[7] Its extension includes any matter which would form a "link in the chain of evidence."[8]

 B. *Statute of Limitations and the Ex Post Facto Clause*

   In response to defendant's claim of the privilege against self-incrimination, plaintiff argues that there can be no reasonable fear of prosecution because the statute of limitations has expired. Defendant counters that it is possible that the legislature could change its mind and extend the limitations period. He also argues the testimony given may incriminate him in other jurisdictions whose statute of limitations has not yet run or incriminate him regarding other alleged victims.

   Defendant's claim of reasonable fear of prosecution is without merit. In *Stogner v. California,* the state passed a criminal statute which permitted prosecution of sex crimes against children even though the statute of limitations expired, so long as the crime was (1) reported, (2) prosecuted within one year of the report, and (3) independent evidence existed to establish the abuse.[9] The United States Supreme Court overturned the law

---

[6] *Ins. Co. of N. Am. v. Steigler,* 300 A.2d 16, 18 (Del. Super. 1972) *aff'd,* 306 A.2d 742 (Del. Supr. 1973).
[7] *Bentley,* 930 A.2d at 873 citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951).
[8] *Id.*
[9] *Stogner v. California*, 539 U.S. 607, 619 (2003).

as violating the *ex post facto* clause of the constitution.[10] The Court recognized that some legislative bodies have extended *unexpired* statutes of limitations—but distinguished that from the facts at issue (and the case at bar) where the limitations period had already run by the time the law was passed.[11] The former is constitutional while the latter violates the *ex post facto* clause.[12]

Therefore, so long as any alleged acts are immune from prosecution because of the statute of limitations, even under a changed law, O'Neill cannot be prosecuted. O'Neill claims the legislature may change its mind, and he cites to a recently-enacted Delaware law permitting civil claims for child sexual abuse; this argument is also without merit as a civil case is different than a criminal case for *ex post facto* analysis.[13] O'Neill has not cited to any case with a holding contrary to *Stogner*.

In fact, in *Bryant*, the Delaware Supreme Court held that the state could utilize the provisions of 11 Del. C. § 205(e) when the facts alleged acts of sexual abuse that ended in 1989 and 1990 because the five-year

---

[10] *Id.* at 609.
[11] *Id.* at 618.
[12] *Id.*
[13] The *ex post facto* clause applies only to criminal punishment. *Helman v. State*, 784 A.2d 1058, 1076 (Del. Supr. 2001) citing *E.B. v. Verniero*, 119 F.3d 1077, 1092 (3d. Cir. 1997).

statute of limitations had not run by the time the law was changed in 1992.[14] In contrast, the final act of sexual abuse alleged in the case at bar was in 1985. The then-applicable statute of limitations ran in 1990, two years prior to the enactment of § 205(e).

As the statute of limitations has expired on any alleged sexual abuse against plaintiff in Delaware, there is no reasonable fear of prosecution in this jurisdiction. Moreover, counsel for O'Neill agreed at oral argument that the statute of limitations on acts alleged has run in Delaware and New Jersey. As such, O'Neill has no reasonable fear of prosecution and cannot claim the privilege when questioned about matters concerning plaintiff in those jurisdictions.

O'Neill argues that since Virginia, North Carolina and Maryland have no applicable statute of limitations on felonies, any questioning relating to alleged criminal matters which occurred in those jurisdictions places him in reasonable fear of prosecution.[15] The Court agrees. As such, O'Neill can invoke the privilege against self-incrimination for questions pertaining to those jurisdictions.

---

[14] *Bryant v. State*, 781 A.2d 692 (Del. Supr. 2001).
[15] See *Foster v. Commonwealth of Virginia,* 606 S.E.2d 518, 519 (Va. App. 2004); N.C.G.S.A. § 15-1 and *State v. Johnson*, 167 S.E. 2d 274, 279 (N.C. 1969); *State v. Stowe*, 829 A.2d 1036 (Md. App. 2003).

With regard to questions relating to acts which occurred in Pennsylvania, O'Neill argues that despite the running of the statute of limitations in that state, Pennsylvania's tolling statute is in effect. As such, he remains in reasonable fear of prosecution. The Court agrees. The law tolls the statute when the allegation is that "a person responsible for the child's welfare" causes injury to that child.[16] While it is questionable whether O'Neill falls within this statute, the Court must resolve doubt in favor of the privilege. O'Neill can invoke the privilege against self-incrimination for questions pertaining to acts alleged to have occurred in Pennsylvania.

O'Neill argues that the federal tolling statute places him in reasonable fear of prosecution. The Court disagrees because federal law states "no statute of limitations shall extend to any person fleeing from justice."[17] There is absolutely no evidence presented by O'Neill, who bears the burden of establishing the privilege, that indicates he fled from justice at any relevant time.

C.      *The Privilege Against Self-Incrimination and Rule 404(b)*

Father O'Neill next argues that the privilege against self-incrimination applies because any testimony he furnishes in this case has potential to be

---

[16] 42 Pa.C.S.A. § 5554.
[17] 18 U.S.C.A. § 3290.

used against him in a future case, through the admission of 404(b) evidence. The Court disagrees for two reasons; there is no support for the contention that evidentiary rules provide additional constitutional protections, and the issue is not yet ripe.

Delaware Uniform Rule of Evidence 404(b) is identical to its federal counterpart.[18] O'Neill cites to no authority which supports his contention that the privilege against self-incrimination applies when the application arises from 404(b) evidence in a case not yet brought.

In fact, there is contrary precedent. In *Huddleston*, the United States Supreme Court found that for 404(b) purposes, the state need not prove by a preponderance of the evidence that the 'other act' occurred—this standard is less than the familiar 'beyond a reasonable doubt' standard that is required by the Due Process Clause of the United States Constitution.[19] Therefore, contrary to defendant's assertion that the rules of evidence provide him with some additional level of constitutional protection against self-incrimination, there is evidence that the rules, in fact, require less. There is no additional protection afforded under Rule 404(b).

---

[18] *Tice v. State*, 624 A.2d 399 (Del. 1993).
[19] *Huddleston v. U.S.*, 485 U.S. 681 (1988). See *Dahl v. State*, 926 A.2d 1077 (Del. Supr. 2007) "The Due Process Clause of the United States Constitution requires that criminal convictions be supported by proof beyond reasonable doubt of all the elements of an offense."

Moreover, the issue is not yet ripe for consideration as O'Neill has not indicated that a case has been brought wherein 404(b) evidence could be used against him.

D.   *Waiver*

Waiver of any privilege is analyzed under a totality of the circumstances test.[20] It is established in Delaware that "when a witness testifies as to a fact or incident without invoking his privilege against self-incrimination, he thereby waives that privilege with respect to the details and particulars of the fact or incident."[21] In *Ratsep*, the defendant answered interrogatories but did not raise the privilege against self-incrimination and was found to have waived the right.

At all relevant times, O'Neill has been represented by counsel. O'Neill has filed an answer to the complaint, wherein he denied the claims against him.[22] O'Neill also filed an affidavit concerning his relationship with plaintiff's mother. Finally, he voluntarily testified at his first

---

[20] *Howard v. State*, 458 A.2d 1180 (Del. Supr. 1983)
[21] *Ratsep v. Mrs. Smith's Pie Co.*, 221 A.2d 598 (Del. Super. 1996) quoting *Carey v. Bryan & Rollins*, 105 A.2d 201 (Del. Super. 1954).
[22] For example, the complaint specifically charged "O'Neill intentionally and without plaintiff's consent cause plaintiff to be in fear of immediate harmful or offensive physical contacts by O'Neill" and that he "intentionally and without plaintiff's consent repeatedly made unpermitted physical contact with plaintiff in a harmful and offense way."[22] These allegations were specifically denied in the answer. The answer also denies the allegations of paragraph 29, 30, 32, 33, and 34 of the initial complaint, which provide detailed allegations of abuse.

deposition, wherein he was represented by counsel, about the last incident of alleged abuse and the allegations against him.[23] He also testified about his social relationship and friendship with plaintiff's family.

O'Neill has now asserted the privilege against self-incrimination in response to questions about his relationship with the family, identification of photographs, and the allegations of abuse, including the last alleged incident. Since he did not invoke the privilege either during his answer or during the initial deposition, he has waived the privilege on matters relating to his relationship with the family, the last incident, and the allegations made against him.

## Conclusion

Defendant O'Neill can invoke his privilege against self-incrimination in response to questions concerning allegations in Pennsylvania, Virginia, North Carolina, and Maryland only.

IT IS SO ORDERED.

/s/ Calvin L. Scott, Jr.
Judge Calvin L. Scott, Jr.

---

[23] "Father Reece confronted me with allegations of inappropriate behavior with one of the [omitted] children on a night that I had been drinking." Deposition of Rev. James W. O'Neill dated September 21, 2004 p. 62.

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on February 4, 2008, I electronically filed this Pleading with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Anthony G. Flynn, Esquire
>Young Conaway Stargatt & Taylor LLP
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>aflynn@ycst.com
>
>Mark Reardon, Esquire
>Elzufon Austin Reardon Tarlov & Mondell
>300 Delaware Avenue, Suite 1700
>P.O. Box 1630
>Wilmington, DE 19899
>mreardon@elzufon.com
>
>Stephen P. Casarino, Esquire
>Casarino Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>scasarino@casarino.com
>
>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

/ Quill, Robert / Pleadings / Bench Memo - Fifth Amendment.final